377 P.2d 498

**Peter G. CONDAS, Plaintiff and Appellant,**

v.

**SUGARHOUSE MERCANTILE COMPANY, a Utah corporation, Defendant and Respondent.**

No. 9657.

Supreme Court of Utah.

Jan. 8, 1963.

———◇———

Thomas, Armstrong, Rawlings & West, Salt Lake City, for appellant.

Golden W. Robbins, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a summary judgment for defendant in a quiet title action. Reversed and remanded with instructions to vacate the judgment and proceed to trial. Costs to Condas.

In 1948 the County deeded the subject property to Condas for delinquent taxes. Sugarhouse then sued to quiet title. Condas won below, but Sugarhouse prevailed

on appeal because of failure to follow statutory interdictions relating to tax sales.

It is conceded that during the appeal Condas obtained a deed from Fry, Inc., purported co-tenant of Sugarhouse.

In reversing and remanding, this Court said: "The judgment is reversed and the cause remanded with instructions to grant a new trial wherein defendants *may present their claims for the amounts they have paid to the County for this property as a condition of quieting appellant's title thereto.*"

■ Sugarhouse urges that this language demanded a trial of the issue of title as well as to payments made by Condas to the County on the abortive deed he received from the latter. We disagree, and state that the remand was for but one purpose, e. g., to assess a sum to Condas for his expenditures in aid of preserving what he thought was a valid, but which this Court concluded was an imperfect title, *as a condition of quieting title in Sugarhouse.*

■ After our decision a trial was had on the question not only of such expenditures, but as to title, which latter phase of the case this Court already had determined. Hence it was unnecessary for Condas to plead or prove title acquired while the original case was pending on appeal. The contention of Sugarhouse that he should have pleaded his title from Fry in that ac-

tion is not with merit. In this quiet title action by Condas against Sugarhouse, the only question as to. title is whether Fry had a valid co-tenancy title with Sugarhouse at the time Fry conveyed to Condas during the pendency of appeal. The case is remanded with instructions to proceed and determine if Fry's interest was such as effectively conveyed marketable title by virtue of the deed executed to Condas during pendency of the appeal mentioned. If so, Condas should prevail as to a co-tenancy title, otherwise no.

■ As to Sugarhouse' claim that this Court has no jurisdiction since Condas' appeal was filed too late, that matter was adjudicated on a motion to dismiss filed by Sugarhouse and denied by this Court three months before briefs on appeal were filed. Nonetheless, Sugarhouse persisted in urging this same point on appeal, without any new reason therefor.

A full hearing was had on the motion to dismiss and briefs were filed almost identical to that on appeal. We can see no reason why this Court should hold otherwise now, and we cannot approve any practice where repeatedly the same point before this Court is presented by incorporating it in filed documents simply designated by a different name.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.