**JOSEPH T. LUM**, Plaintiff–Appellee, v. **CHRISTIANNA WAI HA SUN**, Defendant–Appellant, and **GARY DWIGHT HENIG**, Defendant

NO. 12952

(CIV. NO. H87–5534)

FEBRUARY 28, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY NAKAMURA, J.

"Whenever any lessee or tenant of any lands or tenements . . . holds possession . . . without right, after the termination of the tenancy, either by passage of time or by reason of any forfeiture, under the conditions or covenants in a lease, . . . the person entitled to the premises may be restored to the possession thereof [pursuant to the summary proceeding provided in HRS chapter 666]." HRS § 666–1. The proceeding must be brought and prosecuted by the person entitled to possession "in the district court of the circuit wherein the lands and premises in question are situated." HRS § 666–6. And any action prosecuted in a district court must be tried and determined "without a jury[.]" HRS § 604–5(b).

The question in this appeal is whether the District Court of the First Circuit lacked jurisdiction to try and determine the summary possession action brought by Joseph T. Lum against Gary Dwight Henig and Christianna Wai Ha Sun after Ms. Sun filed a multi–count counterclaim and demanded a trial by jury. We conclude as the district court did that the counterclaimant was entitled to a jury trial in the Circuit Court of the First Circuit on her claims, but the jury demand did not divest the district court of power to decide whether or not Joseph Lum should be restored to possession of the premises in question.

I.

Lum leased a single–family dwelling, which he and his wife owned, to Henig and Sun for a term of six years beginning on October 3, 1983. The "Rental Agreement" called for the payment of rent at the rate of $900 a month; it further provided that the lessees would not sublet the premises or make alterations to the property without the lessor's prior written consent. During their tenancy, however, the lessees enclosed the carport attached to the dwelling and covered with concrete a substantial portion of the yard without obtaining permission to do so.

Henig and Sun vacated the premises in or about March of 1986 without notice to Lum. They then sublet the property without permission and received monthly rent payments of $1,400. When the subtenant vacated the premises in or about July of 1987, they rented the dwelling to another, again without the lessor's permission. Lum brought his first summary possession action in the district court a month later. But by then Sun had filed a chapter 11 petition in bankruptcy in the United States District Court for the District of Hawaii.

Lum thus sought to be relieved of the automatic stay imposed on his action by the provisions of section 362 of title 11 of the United States Code. The stay was lifted by the bankruptcy court on September 29, 1987, and Lum brought another action seeking to recover possession of the premises and other relief[1] in the District Court of the First Circuit on October 30, 1987. Henig, however, was not personally served with the complaint since his whereabouts are unknown. Lum and Sun subsequently stipulated and agreed that the first action would be dismissed.

On November 9, 1987 the district court, pursuant to HRS § 521–78 and at Lum's request, ordered Sun to deposit the rent received from her subtenant in a court–administered trust fund pending the resolution of the dispute. On the same day, Sun filed a demand for a jury trial on "all issues [presented by Lum's complaint that were] so triable." She further purported to reserve the right to file an answer and counterclaim after the anticipated transfer of the case to the circuit court.

Lum countered with a motion to deny Sun a jury trial or, alternatively, to sever the issues raised by his claim of entitlement to possession of the premises from those posed by his claim for other relief. When the hearing on the competing requests to have the case transferred to the circuit court or kept in the district court was conducted, Sun maintained a severance of issues was out of order because she had acquired an option to purchase the property.[2] The court did not rule on the requests, but gave

---

[1] "In any action for summary possession begun under [chapter 666], the plaintiff may join claims for rent, lodging, board, profits, damages, and waste, where these arise out of and refer to the land or premises, irrespective of the amount claimed." HRS § 666–7.

[2] By virtue of HRS § 604–5(d), "[t]he district courts [cannot take] cognizance of real actions, nor actions in which the title to real estate comes in question . . . ."

Sun additional time to file a responsive pleading. Sun then withdrew her demand for a jury trial without prejudice, and Lum withdrew his motion.

Sun filed her answer and counterclaim on November 24, 1987; she again demanded a trial by jury, and Lum again moved for an order denying Sun's request for jury trial. But this time the alternative relief he sought was an order severing Sun's claims as well as his claims in assumpsit from that seeking possession of the premises. The district court granted the alternative relief; the summary possession proceeding itself was kept in the district court, but the other issues raised by the pleadings of the parties were severed and transferred to the circuit court for trial by jury.

The summary possession proceeding was tried by the district court shortly thereafter. The court found, *inter alia*, that Sun and Henig, without seeking Lum's consent, made material alterations to his property and sublet it to two subtenants. The court also found that Lum had not given Sun or Henig an option to purchase the property. Thus it concluded Sun and Henig had breached their lease and entered a judgment giving Lum possession of the premises; it subsequently ordered the release to Lum of the rent being held in trust. Sun appealed, and she now avers the judgment must be vacated since her demand for a jury trial and the fact that "title was in issue" rendered the exercise of jurisdiction by the district court invalid.[3]

## II.

We begin our consideration of the appeal with the postulate that the "dispossessory proceeding [provided under HRS chapter 666] is not for

---

[3] The appellant also argues:

The District Court had no jurisdiction or legal authority to order that the amounts deposited by Sun in the District Court under H.R.S. §521–78 to be [sic] released to Lum where the District Court had no jurisdiction or legal authority to order such a release of rent trust fund amounts[;]

and

The District Court lacks jurisdiction over the entire case because there is an automatic stay in effect in *In re Wai Ha Sun*, Bankruptcy No. 84–00586 in the Bankruptcy Court [of] the United States District Court for the District of Hawaii[.]

the trial of title to land, but its [primary] purpose is the determination of the right to possession between the person claiming to be the landlord and one claiming to be his tenant." 3A G. Thompson, *Commentaries on The Modern Law of Real Property* § 1370, at 722 (J. Grimes Repl. 1981) (footnote omitted).[4] For "the person entitled to the possession of the premises [must] bring and prosecute the person's action in the district court of the circuit wherein the lands and premises in question are situated[,]" HRS § 666–6; and "[t]he district courts [cannot take] cognizance of real actions, nor actions in which the title to real estate comes in question[.]" HRS § 604–5(d).

It is evident too that the statutory proceeding described in HRS chapter 666 is meant to provide "a remedy to enable the landlord to obtain possession of leased premises without suffering the delay, loss and expense to which ... he might be subjected [if he could only rely on the common law to remove a tenant who is] wrongfully holding over his term." 3A G. Thompson, *supra*.[5] For the legislature has characterized the proceeding

---

[4]HRS § 666–1 reads:

> **Summary possession on termination or forfeiture of lease.** Whenever any lessee or tenant of any lands or tenements, or any person holding under the lessee or tenant, holds possession of lands or tenements without right, after the termination of the tenancy, either by passage of time or by reason of any forfeiture, under the conditions or covenants in a lease, or, if a tenant by parol, by a notice to quit of at least ten days, the person entitled to the premises may be restored to the possession thereof in manner hereinafter provided.

But HRS § 666–7 permits the joinder of certain other claims with a summary possession action; the section reads:

> **Jurisdiction; joinder.** In any action for summary possession begun under this chapter, the plaintiff may join claims for rent, lodging, board, profits, damages, and waste, where these arise out of and refer to the land or premises, irrespective of the amount claimed.

> In any such action, whether the ground or cause is nonpayment of rent or otherwise, the plaintiff may join in the action a prayer for accrued rent due, if any, and also for rent, profits, and damages up to the time of judgment, if such is rendered in the plaintiff's favor, without prejudice to such action or ground for summary possession as may be set forth in the complaint.

[5]"At common law, one with the right to possession could bring an action for ejectment, a 'relatively slow, fairly complex, and substantially expensive proce-

as a "summary" action to be brought in the district court where all actions are tried and determined "without a jury." *See* HRS §§ 666-1, 666-6, 666-7, 604-5(b).

But the Seventh Amendment to the United States Constitution guarantees that "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re–examined in any Court of the United States, than according to the rules of the common law[,]" and article I, section 13 of the Hawaii Constitution secures to litigants the right to a jury trial "[i]n suits at common law where the value in controversy shall exceed five thousand dollars[.]" "[T]he Seventh Amendment[, however,] applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts . . . ." *Minneapolis & St. Louis R.R. v. Bombolis*, 241 U.S. 211, 217 (1916) (citations omitted).[6]

### III.

We then must turn to the state constitutional provision and the statutes and rules implementing it to see if anything there might have prevented the district court from entertaining Lum's summary possession suit after Sun filed her counterclaim and demanded a jury trial.

### A.

The relevant portion of our statutes governing trials, which are compiled in HRS chapter 635, reiterates the constitutional guarantee; it mandates that "[w]hen the right of trial by jury is given by the Constitution or a

---

dure.'" *Lindsey v. Normet*, 405 U.S. 56, 71 (1972) (quoting from A. Casner & W. Leach, *Cases and Text on Property* 451 (2d ed. 1969)).

[6] *See also Melancon v. McKeithen*, 345 F. Supp. 1025, 1045 (1972) ("[A] civil jury trial is not so implicit in the concept of ordered liberty in a cooperative federalism as to be required of the states by due process."), *aff'd sub nom. Hill v. McKeithen*, 409 U.S. 943 (1972); *Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968) ("The seventh amendment jury trial requirement is not binding upon the states.") (citations omitted).

statute of the United States or this State and the right has not been waived, the case shall be tried with a jury." HRS § 635–13.[7] The district courts, as we noted at the outset, must "try and determine all actions without a jury[.]" HRS § 604–5(b). The statute defining the civil jurisdiction of the district courts, therefore, further provides that "[w]henever a civil matter is triable of right by a jury and trial by jury is demanded . . . , the case shall be transferred to the circuit court." *Id.*

The procedural rules governing trials in the district court reinforce the constitutional provision in similar fashion; DCRCP Rule 38(a) states: "The right of trial by jury as declared by the Constitution of the State of Hawaii or as provided by a statute shall be preserved to the parties inviolate." Thus, a party to an action brought in the district court "may demand a trial by a jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the case is at issue." DCRCP 38(b). He may "specify the issues which he wishes tried by jury; otherwise he shall be deemed to have demanded trial by jury for all issues so triable." DCRCP 38(c). And upon the payment of "such costs for jury trial as are payable in the circuit court, . . . the case shall be transferred to the circuit court." DCRCP 38(b).

## B.

We have not ruled on how the constitutional provision, as implemented by statute and rule, should be applied in the setting at hand.[8] Sun would have us rule that "whenever a demand for trial by jury is properly made as to a 'matter' (in the words of the statute) or 'any issue' (in the words of the rule) which is triable of right by a jury, 'the case,' not just the matter or issue, *shall* be transferred [to the circuit court]." (Emphasis in

---

[7] Inasmuch as we are reviewing what occurred in a civil action, our concern is with the constitution and laws of the State.

[8] The issue posed by the petition for a writ of prohibition filed in *Alfapada v. Richardson*, 58 Haw. 276, 567 P.2d 1239 (1977), was the applicability to a summary possession proceeding of the right to trial by jury assured by article I, section 13 of the State Constitution. We did not rule on the issue because it became moot when the premises were damaged by fire and the tenant moved out before the petition was heard.

appellant's brief). But we conclude the district court did not err in deciding not to transfer the summary possession action.

As we observed, the State Constitution preserves the right to jury trials in "suits at common law where the value in controversy shall exceed five thousand dollars[.]" Haw. Const. art. I, § 13.[9] Lum, of course, did not sue at common law to regain possession of his property; he invoked the district court's jurisdiction under a statute reflecting a legislative decision that the "unique factual and legal characteristics of the landlord–tenant relationship [justified] special statutory treatment inapplicable to other litigants." *Lindsey v. Normet*, 405 U.S. 56, 72 (1972).

Originally, what one entitled to the premises could seek under the special statutory provisions enacted as part of the Civil Code in 1859 was a writ of possession.[10] But "[i]n any action for summary possession begun under [HRS chapter 666], the plaintiff may [now] join claims for rent, lodging, board, profits, damages, and waste, where these arose out of and refer to the land or premises, irrespective of the amount claimed." HRS § 666–7. The defendant may now also have any counterclaim "aris[ing] out of and refer[ring] to the land or premises, the possession of which is being sought," other than a real action or one in which the title to real

---

[9] Hawaii Constitution article I, section 13, as amended in 1988, reads:

> In suits at common law where the value in controversy shall exceed five thousand dollars, the right of trial by jury shall be preserved. The legislature may provide for a verdict by not less than three–fourths of the members of the jury.

[10] The origins of the summary possession statute are traceable to the Civil Code of the Hawaiian Islands 1859. Article XL, section 940 of the Code read as follows:

> The person entitled to the possession of the premises, may apply to any police or district justice for a writ, in the form used for an original summons in common civil actions before such justices, in which the defendant shall be summoned to answer the complaint of the plaintiff, for that the defendant is in the possession of the lands or tenements in question, describing them, which he holds unlawfully, and against the right of the plaintiff, and no other declaration shall be recognized.

Since the court to which an application for a writ was made could recognize "no other declaration," what could be decided was restricted to whether the defendant held the lands or tenements in question unlawfully and against the right of the plaintiff.

estate comes in question, heard in the district court along with the summary possession action even though the value of the counterclaim may exceed the monetary limit for actions ordinarily triable there. HRS § 604–5(a).[11]

But it does not follow that the action for summary possession may not be separated thereafter from the other claims asserted by the plaintiff or the counterclaims asserted by the defendant. By virtue of DCRCP 38(b) a party "may demand a trial by jury of any issue triable of right by a jury . . . ." He may also "specify the issues which he wishes tried by jury[.]" DCRCP 38(c). There is, of course, no constitutional barrier to the trial in different courts of separate issues arising from the same factual situation.

"The [Supreme] Court [on several occasions] has held that it is permissible to segregate an action for possession of property from other

---

[11] HRS § 604–5(a) reads:

> **Civil jurisdiction.** (a) Except as otherwise provided, the district courts shall have jurisdiction in all civil actions, where the debt, amount, or damages, or the value of the property claimed, does not exceed $10,000, except in civil actions involving summary possession or ejectment, in which case, the district court shall have jurisdiction over any counterclaim otherwise properly brought before the district court by any defendant in such summary possession or ejectment action if the counterclaim arises out of and refers to the land or premises, the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim. Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount. Subject to subsections (b) and (c), jurisdiction under this subsection shall be exclusive when the amount in controversy, so computed, does not exceed $5,000.

The provision granting district courts jurisdiction over counterclaims in summary possession or ejectment regardless of their value was added to HRS § 604–5(a) in 1975 to allow

> the claims of the Defendant relating to the land or premises for which possession is being sought, [to] be resolved in one form [sic] rather than requiring the Defendant to go to the Circuit Court for his claim if it exceeds the jurisdictional amount of the District Court, while the plaintiff pursuant to Section 666–7 of the Hawaii Revised Statutes, is able to have his or her entire case heard within the District Court . . . .

House Stand. Comm. Rep. No. 417, in 1975 House Journal, at 1144.

actions arising out of the same factual situation that may assert valid legal or equitable defenses or counterclaims." *Lindsey v. Normet*, 405 U.S. at 67. "In *Grant Timber & Mfg. Co. v. Gray*, 236 U.S. 133 (1915) (Holmes, J.), the Court upheld against due process attack a Louisiana procedure [providing] that a defendant sued in a possessory action for real property could not bring an action to establish title or present equitable claims until after the possessory suit was brought to a conclusion." *Lindsey v. Normet*, 405 U.S. at 67–68 (footnote omitted). And in *Bianchi v. Morales*, 262 U.S. 170 (1923), the Court upheld Puerto Rico's mortgage law which provided for summary foreclosure without allowing any defense other than payment, concluding that "[t]he United States, the States, and equally Porto Rico, may exclude all claims of ultimate right from possessory actions, consistently with due process of law." *Id.* at 171 (citing *Grant Timber & Mfg. Co. v. Gray, supra*, and *Central Union Trust Co. v. Garvan*, 254 U.S. 554 (1921)).

Sun, however, argues a segregation of Lum's claim to possession of the premises from his other claims and her counterclaims was precluded because HRS § 604–5 and DCRCP 38(b) mandate a transfer of "the case" from the district to the circuit court whenever a trial by jury has been demanded on any matter or issue so triable. In her view, "the case" refers to the aggregate of claims asserted by the parties to a lawsuit. Thus, she would have us rule her demand for a jury trial deprived the district court of power to act on any claim rooted in the lease of the premises owned by Lum.

"In a legal sense, 'case' is generally understood as meaning a judicial proceeding for the determination of a controversy between parties where rights are enforced or wrongs are prevented or redressed. *State v. Montevallo Coal Mining Co.*, 29 Ala. App. 318, 197 So. 82, 85[, *cert. denied*, 240 Ala. 73, 197 So. 87 (1940)]; *Ex Parte Chesser*, 93 Fla. 590, 112 So. 87, 90 [(1927)]." *Opinion of the Clerk*, 345 So. 2d 1329, 1330 (Ala. 1977). Read narrowly, it is "a question contested before a court of justice." *Black's Law Dictionary* 195 (5th ed. 1979). It may also be "the lawsuit, the cause of action, or the matter as a whole." *Wetmore v. Wrynn*, 32 Conn. Supp. 249, 254, 349 A.2d 857, 860 (1974). Read in the context of the relevant rule, "the case" could hardly be "the matter as a whole," as Sun contends, for the litigant is allowed thereunder to "specify the issues which he wishes tried by jury[,] otherwise he shall be deemed to have demanded trial by jury for all issues so triable." DCRCP 38(c). The

rule thus contemplates that the questions raised by the aggregate of facts furnishing occasion for the exercise of judicial authority are subject to segregation for bench or jury trial.

The district court, therefore, did not err by retaining jurisdiction over the summary possession action despite Sun's demand for a trial by jury and by issuing a writ of possession in favor of Lum. Nor did it err in releasing the money in the trust fund consisting of rent received subsequent to the lessees' breach of the "Rental Agreement." The district court, however, should not have ruled on whether or not Lum gave Henig and Sun an option to purchase the property, and its finding thereon is stricken.[12]

The judgment of the district court is affirmed.

*Frederick W. Rohlfing, III (James M. Sattler* with him on the brief) for Appellant Sun.

*Randolph F. Leong (Harold W. Goble* with him on the brief) for appellee.

---

[12] We view the finding as surplusage having no effect on the judgment. We realize, however, that Sun's claim in this regard has been rendered moot by the district court's ruling on Lum's summary possession claim.