905 P.2d 71

Frederick K. SHIMOTE,
Plaintiff–Appellee,

v.

Kay Tokie VINCENT, as Special Administrator of the Estate of Albert Vernon Vincent, Deceased, Kay Tokie Vincent, Defendants–Appellants, and Trustees of the Estate of Bernice Pauahi Bishop, Richard Lyman, Jr., in his capacity as President of the Bernice Pauahi Bishop Estate, Henry Peters, William S. Richardson, Matsuo Takabuki and Myron B. Thompson, in their capacity as Trustees of the Estate of Bernice Pauahi Bishop, Honolulu Federal Savings and Loan Association, Bank of Hawaii, John Does 1–100, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, Doe "Non–Profit" Corporations 1–10, and Doe Government Agencies 1–10, Defendants–Appellees.

Kay Tokie VINCENT, Individually and as Special Administrator of the Estate of Albert Vernon Vincent, Deceased, Third–Party Plaintiffs/Appellants,

v.

Henry H. FUKUSHIMA, Rose M. Fukushima, Henry Fukushima Contracting, Frank Moon, Oahu Sign Co., Ltd., Oahu Sign and Building Contractors, Clayton K. Tom, Master Builders, Inc., Mathew Kaonohi, Honsador Inc., and S & H Insurance Company, Third–Party Defendants/Appellees.

Henry H. FUKUSHIMA, Rose M. Fukushima and Henry Fukushima Contracting, Fourth–Party Plaintiffs/Appellees,

v.

Frederick K. SHIMOTE, Alan Rowland and Ossipoff, Snyder & Rowland Architects, Inc., Fourth–Party Defendants/Appellees.

No. 16679.

Intermediate Court of Appeals of Hawai'i.

Oct. 5, 1995.

Reconsideration Denied Oct. 25, 1995.

Certiorari Denied Nov. 15, 1995.

---

Leslie S. Fukumoto and Michael A. Chambrella (Leslie S. Fukumoto, Attorney at Law, A Law Corporation, of counsel), on the briefs, Honolulu, for defendant-appellant.

Gregory K. Markham, Peter Y.L. Pong and Keith K. Kato, on the brief, Honolulu, for fourth-party defendant/appellee.

Michael F. McCarthy (Michael F. McCarthy, Attorney at Law, A Law Corporation, of counsel), on the brief, Honolulu, for plaintiff/appellee.

Before KIRIMITSU, J., and SIMMS, Circuit Judge, in place of WATANABE, J., Recused, and NAKATANI, Circuit Judge, in place of ACOBA, J., Recused.

KIRIMITSU, Judge.

In this residential construction dispute, the Defendant/Third–Party Plaintiffs–Appellants, Albert Vernon Vincent [1] and Kay Tokie Vincent (collectively Vincents), appeal the First Circuit Court's December 17, 1992 order (December 17, 1992 Order) denying their Motion to Dismiss Complaint or in the Alternative for Stay of Proceeding on Plaintiff's Complaint. Vincents claim that the court erred by (1) denying their November 20, 1992 Motion to Dismiss Complaint or in the Alternative for Stay of Proceeding on Plaintiff's Complaint (November 20, 1992 Motion) and (2) proceeding with trial after they filed their December 17, 1992 First Amended Notice of Appeal. We affirm.

## I. FACTS

On January 12, 1979, Vincents hired the architectural firm of Ossipoff, Snyder, and Rowland to construct a house at 1920 Laukahi Street, Wai'alae Iki, Honolulu, Hawai'i. Vincents also entered into a construction contract with Master Builders Inc. to build the residence. Due to numerous problems, including bankruptcy, Master Builders Inc. ceased construction.

On December 22, 1981, Vincents entered into a construction contract with Third–Party Defendant/Fourth–Party Plaintiff Henry Fukushima (Fukushima) to complete the house. Fukushima assigned his contract to Oahu Sign & Building, who eventually walked off the project in 1983.

On May 15, 1984, Vincents contracted with Plaintiff/Fourth–Party Defendant–Appellee Frederick K. Shimote (Shimote) to complete the house (May 15, 1984 Construction Con-

---

1. Albert Vernon Vincent died on August 8, 1990. Kay Tokie Vincent, as the Special Administrator of the Estate of Albert Vernon Vincent, represents his interest.

tract). After Vincents refused to pay the balance due, Shimote filed an Application for Mechanics' Lien on May 3, 1985. Vincents contend that the workmanship was incomplete and defective.

On October 24, 1986, Shimote filed a Complaint for Damages and to Foreclose Mechanics' Lien, and on November 18, 1986, Shimote filed a First Amended Complaint for Damages and to Foreclose Mechanics' Lien. On February 23, 1987, Vincents filed an Answer to First Amended Complaint and a Counterclaim.

For over six years, the parties prepared for trial.

One month before the trial, set for December 21, 1992, Vincents filed the November 20, 1992 Motion.

At the December 11, 1992 hearing, the trial court orally denied the November 20, 1992 Motion and stated that the case will proceed as scheduled for trial.

On December 15, 1992, Vincents filed their Notice of Appeal.

On December 17, 1992, the trial court entered its Order denying the November 20, 1992 Motion and Vincents filed the First Amended Notice of Appeal.

Trial began as scheduled on December 21, 1992.

■ The December 17, 1992 Order is an appealable collateral order, and we therefore have appellate jurisdiction. *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 107, 705 P.2d 28, 35 (1985).

## II. DISCUSSION

### A.

■ Vincents assert that the trial court erred in its December 17, 1992 Order. On appeal, we review the denial of the motion to stay proceedings pending arbitration under the *de novo* standard. *Koolau Radiology Inc. v. Queen's Medical Ctr.,* 73 Haw. 433, 439–40, 834 P.2d 1294, 1298 (1992) (holding that review of the denial of a motion to compel arbitration is under the *de novo* standard).

■ We note that the trial court is statutorily required to follow Hawai'i Revised Statutes (HRS) § 658–5 (1985) which provides:

**No trial if issue referable to arbitration.** If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action or proceeding until the arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with the arbitration.

We have stated that:

[i]f a suit is brought upon "any issue [possibly] referable to arbitration under an agreement in writing," the circuit court must decide whether any issue is referable to arbitration and, if its answer is yes, it must stay the trial of all of the issues in the suit until the arbitration has been had in accordance with the terms of the agreement.

*Rainbow Chevrolet, Inc. v. Asahi Jyuken (USA), Inc.,* 78 Hawai'i 107, 113, 890 P.2d 694, 700 (App.1995). Therefore, the initial question in this case is whether any issue is referable to arbitration. *Id.*

Paragraph 18 of the May 15, 1984 Construction Contract between Shimote and Vincents states as follows:

18. DISPUTES: All disputes arising hereunder shall be submitted to the licensed architect, if any superintending said construction, and if none, then to the material company which may be surety on the bond; provided, however, that the architect's decision or the decision of the material company, as the case may be, shall be subject to arbitration if notice thereof is given by either party in writing within ten (10) days of the date of the decision. *If there shall be no architect or material house, then all decisions shall be submitted to arbitration.* In the event of arbitration, one arbitrator selected by the parties

hereto shall determine the dispute, and failing agreement as to the selection of an arbitrator, three disinterested arbitrators (who shall be licensed general contractors, architects, or structural engineers) shall determine the dispute, one to be appointed by each party hereto. If either party fails to name his arbitrator within ten (10) days after notice in writing of the appointment of the first arbitrator, the first arbitrator may name the second arbitrator. The two thus chosen, in either manner, shall name the third arbitrator. If they cannot agree within ten (10) days, either may request any judge of the Circuit Court of Hawaii [Hawai'i] within which the premises are situated to name the third arbitrator. The majority decision of the arbitrators shall be final and binding upon the parties hereto. Each party shall pay one-half of the costs of the arbitrators' fees and each party shall pay all other costs incurred by such party.

(Emphasis added.)

■ "When 'the arbitration paragraph is clear and unambiguous its interpretation is a question of law which may be made by the appellate court.'" *Rainbow Chevrolet,* 78 Hawai'i at 112, 890 P.2d at 699 (quoting *Koolau Radiology,* 73 Haw. at 447, 834 P.2d at 1301 (brackets omitted)).

The May 15, 1984 Construction Contract clearly provides that any dispute arising out of this contract "[i]f there shall be no architect or material house, then all decisions shall be submitted to arbitration." In this case, the dispute arose when Vincents refused to pay the balance due to Shimote because the house was allegedly incomplete and defective. Although the records are not clear whether an architect was still involved in the construction, it seems clear that Vincents ultimately had the right to arbitration of the dispute. Consequently, the arbitration paragraph is clearly meant to cover this dispute.

■ Shimote, however, contends that Vincents waived their right to arbitration by failing to make a timely assertion of that right between the initial filing of the complaint on October 24, 1986, to the November 20, 1992 Motion, a period of over six years. We have stated:

[n]otwithstanding the circuit court's failure to perform its statutory duty, a party may waive its right to arbitration by (1) failing to assert its right, *Moorcroft v. First Ins. Co. of Hawaii, Ltd.,* 68 Haw. 501, 720 P.2d 178 (1986), or (2) taking actions that are "completely inconsistent with any reliance thereon." *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 110, 705 P.2d 28, 36 (1985) (citation omitted). However, a waiver of a right to arbitration will not be lightly inferred because of Hawai'i's public policy of encouraging arbitration as a means of settling differences. *Kamaole Two Hui v. Aziz Enterprises, Inc.,* 9 Haw.App. 566, 854 P.2d 232 (1993).

*Rainbow Chevrolet,* 78 Hawai'i at 114, 890 P.2d at 701.

In *Rainbow Chevrolet, supra,* we dealt with actions that were not completely inconsistent with any reliance on the right to arbitration. Asahi in its answers "alleged that all or a portion of the claims alleged in the complaint are determinable by arbitration." *Id.* at 111, 890 P.2d at 698. After discovery was completed, Asahi moved to stay the proceedings pending arbitration. *Id.* at 112, 890 P.2d at 699. We decided that Asahi's actions were not inconsistent with its reliance on the right to arbitration. *Id.* at 114, 890 P.2d at 701. We focused on the point that Asahi, in its answers, asserted its intent to rely on the arbitration clause. With such clear intent, Asahi's participation in discovery cannot constitute waiver of its right to arbitration. We also noted that the process of obtaining information through discovery, in and by itself, was not completely inconsistent with a reliance on the right to arbitration. *Id.*

As a result, the dispositive question is whether Vincents' conduct can be found to be inconsistent with a reliance on their right to arbitration.

■ We conclude that Vincents' actions were completely inconsistent with a reliance on their right to arbitration. Vincents did not initially assert their intent to rely on their right to arbitration in their pleadings or answers. After six years of litigation, includ-

ing the filing of third and fourth party complaints, Vincents asserted their right in the November 20, 1992 Motion, which was about one month before trial. Although waiting for the completion of discovery, in and by itself, is not inconsistent with a reliance on the right to arbitration, actively participating in litigation for over six years without any notice of an intent to rely on arbitration until the eve of trial is clearly inconsistent. If Vincents notified Shimote about their intent to rely on the right to arbitration in their answer, or put Shimote on notice earlier in the proceedings, rather than notify Shimote on the eve of trial, Vincents' actions would resemble Asahi's actions in *Rainbow Chevrolet, supra,* and would not be completely inconsistent with a reliance on the right to arbitrate.

Vincents actively filed various motions, opposing memoranda and discovery documents which would easily lead the other parties to believe that Vincents would proceed to trial. There was no hint or clue that Shimote would rely on the right to arbitrate until he filed his Motion to Stay the Proceedings for Arbitration. Some of the pleadings that Vincents filed in preparation and in the course of litigation in this trial are, as follows:

(a) Memorandum in Opposition to Fukushima's Motion for Leave to File First Amended Answer and Cross–Claims;

(b) Responsive Pretrial Statement;

(c) Memorandum in Opposition to Fukushima's Motion to Dismiss Third Party Complaint;

(d) Amended Responsive Pretrial Statement;

(e) Memorandum in Opposition to Fukushima's Motion to Consolidate;

(f) Memorandum in Opposition to Shimote's Motion to Compel Oral Deposition of Kay Vincent;

(g) Memorandum in Opposition to Shimote's Motion for Partial Summary Judgment Filed on 10/15/90;

(h) Memorandum in Opposition to Fukushima's Motion for Reconsideration of Order Denying Motion to Consolidate;

(i) Memorandum in Opposition to Shimote's Motion for Partial Summary Judgment Filed on 4/26/91;

(j) Settlement Conference Statement;

(k) Memorandum in Opposition to Henry and Rose Fukushima's Motion for Summary Judgment;

(*l*) Motion for Rehearing on Fukushima's Motion for Summary Judgment;

(m) Memorandum in Opposition to Rose Fukushima's Motion for Summary Judgment;

(n) Second Amended Responsive Pretrial Statement;

(o) Notice of Taking Written Deposition Re: Regulated Industries Complaint Office;

(p) Notice of Taking Oral Deposition Re: Fred Shimote; and

(q) Motion for Order Compelling Discovery and For Sanctions.

■ Since an appellate court may declare a waiver if defendants' conduct can be deemed inconsistent with any reliance on the right to arbitration, *Swinerton,* 68 Haw. at 110, 705 P.2d at 36, we conclude that Vincents waived their right to arbitrate.

### B.

■ Vincents assert that the trial court lacked jurisdiction to proceed with trial following their appeal and that all subsequent orders following the appeal are null and void. We disagree.

■ It is well settled that for appellate jurisdiction, the appeal of judgments, orders, and decrees in civil matters require finality, except as otherwise provided by law. HRS § 641–1(a) (1985).

"[A] final judgment, order, or decree is not necessarily the last decision of a case. What determines the finality of an order or decree for purposes of appeal is the nature and effect of the order or decree." *In re Castle,* 54 Haw. 276, 278, 506 P.2d 1, 3 (1973) (citations omitted); *see also In re [Hawai'i] Government Employees' Association,* 63 Haw. 85, 88, 621 P.2d 361, 364 (1980) (citations omitted). There are, for example, orders falling "in that small class

which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. [541,] 546 [69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949) ], *quoted and followed in MDG Supply, Inc. v. Ellis*, 51 Haw. 480, 481–82, 463 P.2d 530, 532 (1969). Such orders, as the Supreme Court observed, may not be effectively reviewable and rights may be lost, perhaps irretrievably, if review invariably awaited a final judgment. *Id.*

*Swinerton*, 68 Haw. at 105–06, 705 P.2d at 34 (original brackets omitted). Orders denying a stay of proceedings until arbitration under HRS §§ 658–5 and –3 are such final orders in the above mentioned class. *Id.* at 107, 705 at 35.

 It is also generally accepted that once the appellate court obtains jurisdiction with the filing of a notice of appeal, the appellate court "deprives the [trial] court of jurisdiction to proceed further in the case, except for some matters." *Kama'ole Two Hui v. Aziz Enters., Inc.*, 9 Haw.App. 566, 571, 854 P.2d 232, 235 (1993) (citing *MDG Supply, Inc. v. Diversified Inv., Inc.*, 51 Haw. 375, 463 P.2d 525 (1969), *cert. denied*, 400 U.S. 868, 91 S.Ct. 99, 27 L.Ed.2d 108 (1970)). One such exception is collateral order appeals. 15A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3911 (2d ed. 1992). Where a collateral order is appealed, the trial court retains jurisdiction over the merits of the case. *Id.* *See also United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir.1982) (finding that the trial court had jurisdiction over the merits of the case after the government appealed the order granting the defendant's motion to compel cooperation of government personnel), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983); *United States v. Crozier*, 674 F.2d 1293, 1296–97 (9th Cir. 1982) (holding that the appellate court had jurisdiction to hear the interlocutory appeal on a restraining order and the district court retained jurisdiction to proceed with the trial), *cert. granted and judgment vacated on*

*different grounds*, 468 U.S. 1206, 104 S.Ct. 3575, 82 L.Ed.2d 873 (1984).

By definition, orders denying a stay of proceeding pending arbitration involve collateral matters separate from the merits of the case. Accordingly, an appeal of the collateral order denying a stay of proceeding for arbitration does not divest the trial court's jurisdiction to continue with the merits of the case. Therefore, the trial court did not err by proceeding with trial following this appeal by Vincents.

### III. CONCLUSION

For the aforementioned reasons, we affirm the circuit court's December 17, 1992 Order denying Vincents' Motion to Dismiss Complaint or in the Alternative for Stay of Proceeding on Plaintiff's Complaint and hold that the trial court retained jurisdiction after Vincents filed their December 17, 1992 First Amended Notice of Appeal.