## CONNECTICUT INSURANCE AGENCY
### vs.
## WESTMINSTER SCHOOL AND TRUSTEES OF WESTMINSTER SCHOOL, INC.

Superior Court      New Haven County      File #50551

Present:   Hon. ARTHUR F. ELLS, Judge.

Bernard Greenberg,            Attorney for the Plaintiff.

Gross, Hyde & Williams;
Lawrence A. Howard,           Attorneys for the Defendant.

## MEMORANDUM FILED MAY 20, 1937.

ELLS, J.   To an action against the Westminster School Corporation for breach of contract the defendant filed an answer in the nature of a general denial.

L. A. Howard, Trustee, has filed a plea to the jurisdiction, alleging that the corporation petitioned the Federal Court for the appointment of a trustee of its estate under 77-B, which the court granted, and that he is now the duly qualified temporary trustee; that the corporation is under the exclusive jurisdiction of the Federal Court and that the plaintiff did not receive permission from the Federal Court to bring this action.

The plaintiff has demurred "because the allegations set forth by the said defendant are not sufficient to deprive this

·court of jurisdiction".

Demurrers must be special, not general. This sounds like a general one. It does not "distinctly specify the reason why the pleading demurred to is insufficient". The purpose of a demurrer is not to admit or deny any matter of fact; "it merely in effect advances a legal proposition, namely, that the pleading demurred to is insufficient in law to maintain the case of the adverse party; and under our practice all demurrers must distinctly specify the reason why the pleading demurred to is insufficient." **Miller vs. Cross, 73 Conn. 541.**

The demurrer is therefore overruled, with permission to file a proper one.