MARGARET WETMORE ET AL. *v.* JOHN H. WRYNN ET AL.

SUPERIOR COURT  NEW HAVEN COUNTY  FILE No. 134204

MARGARET WETMORE ET AL. *v.* JOHN H. WRYNN, EXECUTOR (ESTATE OF PATRICK MCCULLOUGH)

SUPERIOR COURT  NEW HAVEN COUNTY  FILE No. 134704

Memorandum filed March 12, 1974

*Johnson & Gemeiner,* for the plaintiffs in both cases.

*James O'Connor Shea,* for the defendants in both cases.

*Schwartz & Knight,* for the defendant, John H. Wrynn, executor, in the second case.

HULL, J. These cases together raise a difficult issue not previously decided in Connecticut and will be decided as one with the same decision to apply in each case.

The first case, hereinafter referred to as the collateral attack case, is an action in three counts seeking to set aside the will of the defendant executor's decedent, Patrick McCullough, to set aside certain transfers made by him prior to his death, and to effect a transfer from the beneficiary under the will to the plaintiffs of any property which passed from the decedent to the beneficiary. A plea in abatement was filed on April 17, 1973, claiming that the action was in the nature of a probate appeal but did not constitute a timely and proper appeal from probate because of certain defects in taking the appeal.

The second case, hereinafter referred to as the probate appeal, is a probate appeal in the usual form. A plea in abatement was filed in that case on May 23, 1973, claiming abatement because the appeal was not taken within the thirty day time limit and because of the prior pending case between the same parties for the same cause (the collateral attack case).

In each case the plaintiffs filed an answer and special defense to the plea in abatement. The answers admitted the factual allegations but denied the assertions as to legal conclusions. The plaintiffs also filed an amended special defense in each case dated November 2, 1973, in which they alleged in identical language that "if the appeal is defective as to the untimeliness wherein it was appealed to this court, such defect is the result of a mistaken understanding between the parties with regard to the stipulation of the parties in the Probate Court at New Haven on Feb. 5, 1973."

The defendants denied the allegations of those special defenses, and within ten days the plaintiffs claimed the pleas in abatement for a trial by jury. The defendants then moved to strike the pleas in abatement from the jury trial list, thus giving rise to the issue at hand: whether a party is entitled to a jury trial on the factual issues raised in a plea in abatement.

Both parties briefed and argued contrary views as to whether, assuming a jury trial is available ab initio, the issues involved here are ones that under other statutes and rules would properly be entitled to be tried by a jury. In the view this court takes of the matter, it is unnecessary to consider that question.

The plaintiffs in their argument and briefs treat both cases as probate appeals. The court considers

the first case, the collateral attack case, to be a "civil action" within the meaning of General Statutes § 52-215, and the second case, the probate appeal case, to be a probate appeal under the same statute, but similar considerations apply.

The plaintiffs do not seriously claim that they have a constitutional right, state or federal, to a jury trial but rather rely on a statutory right. The court agrees with the defendants' arguments and citations contained in their briefs in that regard. No authority is cited or known to this court to base the right on constitutional grounds.

Very eminent authority backs the plaintiffs' views, however. Judge Zephaniah Swift claims that such a right exists but cites no authority. 1 Swift, Digest, p. 612. An annotation in 170 A.L.R. 383, cases cited therein, and in the Later Case Services, all reflect a split of authority but are of little direct aid because of the different statutes and constitutional history involved in each case.

The respected Connecticut procedural authority, Professor Edward L. Stephenson, appears to claim the right in 1 Conn. Civ. Proc. (2d Ed.) § 108, p. 446. With all due respect the court does not agree.

A logical reading together of General Statutes § 52-215[1] with Connecticut Practice Book §§ 192

[1] "Sec. 52-215. DOCKETS IN SUPERIOR, COMMON PLEAS AND CIRCUIT COURTS. JURY CASES. In the superior court, the court of common pleas and the circuit court a docket shall be kept of all cases. In such docket immediately following the names of the parties and their attorneys in all jury cases shall be entered the word 'jury.' The following-named classes of cases in the superior court and in the court of common pleas shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day: Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the doings of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact

and 194[2] compels a different conclusion. Section 52-215 concerns (1) classes of cases which shall be docketed as jury cases. It includes (2) appeals from probate involving the validity of a will and (3) civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity. After (4) an issue of fact is joined, the case may be timely

as, prior to January 1, 1880, would not present a question properly cognizable in equity. When, in any of the above-named cases or in any civil case triable by jury under the provisions of section 51-266, an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of court. All issues of fact in any such case shall be tried by the jury, provided the issues agreed by the parties to be tried by the court may be so tried. All cases not entered in the docket as jury cases under the foregoing provisions, including actions wherein the plaintiff sues for a debt due by book to balance book accounts, actions wherein an account is demanded and judgment rendered that the defendant shall account, writs of habeas corpus, prohibition and ne exeat, complaints for divorce and all other special statutory proceedings which, prior to January 1, 1880, were not triable by jury, shall be entered on the docket as court cases, and shall, with all issues of law and issues of fact, other than those hereinbefore specified, which may be joined in actions entered on the docket as jury cases, be disposed of as court cases."

[2] "Sec. 192. TRIAL LIST Cases in which the pleadings have terminated in an issue or issues of fact decisive of the merits of the case, or issue of fact to the jury, and hearings in damages on defaults and demurrers overruled, shall be placed on the trial list, and no others.

"Sec. 194. SHORT CALENDAR LIST All other cases, including questions as to the terms or form of a decree or judgment to be rendered on the report of a committee or auditors, or award of arbitrators, pleas in abatement or to the jurisdiction where the issue is closed to the court, foreclosures where the only question is as to the time to be limited for redemption, all motions when practicable, and all issues of law, must be placed on the short calendar list unless otherwise ordered by the court. No motions will be heard which are not on said list and ought to have been placed thereon; provided that any motion in a case on trial, or assigned for trial, may be disposed of by the court at its discretion, or ordered upon the short calendar list on terms, or otherwise."

claimed for the jury docket. (5) All issues of fact in any such case shall be tried by the jury. (Enumeration added for clarity only.)

This court holds that it is the ultimate issue or issues of facts decisive of the merits of the case that are triable by a jury and not a preliminary jurisdictional question raised by a plea in abatement.

The law on statutory construction in Connecticut from time immemorial is aptly summed up in *Dental Commission* v. *Tru-Fit Plastics, Inc.,* 159 Conn. 362, 365, wherein the court stated: "When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by construction. *State* v. *Simmons,* 155 Conn. 502, 504 . . . ; *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73 . . . . It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words; *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143, 150 . . . ; nor is it our function to substitute our own ideas of what might be a wise provision in the place of a clear expression of the legislative will. *Connelly* v. *Bridgeport,* 104 Conn. 238, 249 . . . . The statute must be applied as its words direct. *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 265 . . . ."

Section 52-215 sets the matrix for the interpretation of the statute in the term "classes of cases." The "case" is the lawsuit, the cause of action, or the matter as a whole. By no stretch of the imagination or attenuation of language can it be taken to mean parts of cases. Just saying that a plea in abatement is triable by a jury doesn't make it so. In Webster, Third New International Dictionary, "case" is defined in one of its meanings as "a suit or action in law or equity." Does not common sense dictate that a "case" is not part of a case? Ballentine, Law

Dictionary (3d Ed.), defines a "case" as "a controversy presented according to the regular course of judicial proceedings, so that the judicial power is capable of acting upon it to determine and decide the issues presented by the allegations of the parties. *Muskrat* v. *United States,* 219 U.S. 346, 356 . . . ." The same dictionary defining "case or controversy" again cites the *Muskrat* case to define a case as "a suit instituted according to the regular course of judicial procedure."

An appeal from probate involving the validity of a will (which is not a civil cause or action; see *Slattery* v. *Woodin,* 90 Conn. 48, 50) and appeals from the doings of commissioners on insolvent estates are allowed a jury trial as special statutory creatures.

The main thrust of § 52-215 then includes "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity." It is primarily from that definition that Professor Stephenson argues for a jury trial, for he states in 1 Conn. Civ. Proc. (2d Ed.) § 108, p. 446: "Since an issue of fact raised by a plea in abatement is not such an issue as would have been 'cognizable in equity' prior to January 1, 1880, it would seem that the statute authorizes a jury trial."

It is at that point that Professor Stephenson and the plaintiffs part company with the court. Their conclusion is a semantic pulling one's self up by the bootstraps, for the key words are "civil actions" and there is no logical reason for dragging into that simple term a part or piece of a civil action.

Ballentine, Law Dictionary (3d Ed.), defines "action" as "[a] judicial proceeding, either in law or in equity, to obtain relief at the hands of a court." Simply stated, to paraphrase a medicinal television

spot, an action is the "whole thing." See particularly *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, wherein the court stated (p. 606), quoting *Slattery* v. *Woodin,* 90 Conn. 48, 50: "The accepted meaning of the term 'civil action' in this State is very well illustrated by the provision of our Practice Act . . . that 'there shall be but one form of civil action, and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint, and shall contain a statement of the facts constituting the cause of action, and a demand for the relief to which he supposes himself to be entitled.' "

A plea in abatement is not a "civil action" but a procedural part thereof.

The next pertinent parts of § 52-215 of the General Statutes concern claiming a case for the jury when "an issue of fact is joined" and the provision that "[a]ll issues of fact in any such case shall be tried by the jury." Again looking at the statute as a whole those words must mean the ultimate issues of fact. Four considerations, in addition to those already stated, impel that conclusion and the conclusions the court has reached on the issue involved herein.

First is the docketing procedure in use without challenge in our courts for many years. All of the applicable rules and customs are directed to a trial on the merits, whether to court or jury, or partly to court and partly to jury.

Secondly, all reported cases in Connecticut found by this court concern differing aspects of timing or the finalized state of the pleadings making the case suitable for a hearing on the merits by a jury. Examples are *Swanson* v. *Boschen,* 143 Conn. 159 (type of action); *Leahey* v. *Heasley,* 127 Conn. 332 (timing of claim for jury); *Noren* v. *Wood,* 72 Conn.

96 (timing of claim for jury); and *Seletsky* v. *Roy,* 23 Conn. Sup. 139, wherein the court said (p. 145): "Therefore, upon the filing of the reply on 31 January 1961, the pleadings were closed. On that day, the pleadings had 'terminated in an issue or issues of fact decisive of the merits of the case.' Practice Book § 121 [now Practice Book § 192]. That the defendant so understood is evidenced by the fact that on 10 February 1961, that is 'within ten days after,' he filed a claim of the case for the jury docket. General Statutes § 52-215."

Thirdly are sections 192 and 194 of the Practice Book quoted in footnote 2. Section 192 is not as artfully drawn as it conceivably might have been but its meaning is clear: "cases" must have pleadings terminating in an issue or issues of fact decisive of the merits of the case to be placed on the trial list. The language "or issue of fact to the jury" seems either redundant or intended to cover the situation where one issue or more may go to the jury and others to the court.

Professor Stephenson in 1 Conn. Civ. Proc. (2d Ed.) § 108, p. 447, argues that the provision in Practice Book § 194 concerning cases on the short calendar list including "pleas in abatement . . . where the issue is closed to the court . . . subsumes pleas in abatement where the issue would not be closed to the court." This court assumes that this provision means that this type of matter is to go on the short calendar only when (a) the issues are closed and (b) when they are closed and claimed to the court as opposed to a jury.

Fourthly, in this day of crowded dockets and clamor about court delay, sound judicial and public policy militate against a jury trial on pleas in abatement. The instant case is a good example.

The motion to strike the plea in abatement from the jury trial list is granted in each case.