[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 17, 1992, the plaintiffs Perry and Sarah Buddington filed this eight count product liability action against the defendants Clorox, Inc. (Clorox), Stop Shop Companies, Inc. (Stop and Shop), The Price Company, Inc. f/n/a the Price Club, Inc. (Price Club), and Sterling Winthrop, Inc. (Sterling Winthrop), alleging that Sarah Buddington sustained asthma after mixing Lysol Toilet Bowl Cleaner (Lysol) with Clorox Bleach while cleaning her toilet. The second amended complaint, filed September 9, 1992, in a separate count against each defendant, alleges that the defendants "failed to provide the plaintiff Sarah Buddington with adequate warnings, instructions and/or safety precautions as to the inducement of asthma in a reasonably foreseeable use" of the respective products (para. 12(a)); failed to warn the plaintiff that the products contained hydrochloric acid by omitting the term "hydrochloric acid" from the container's label in violation of 40 C.F.R. Part 156.10(g)(3) (para. 12(b)); failed to give adequate warnings, instructions and/or safety precautions regarding the mixture of Clorox with Lysol Toilet Bowl Cleaner (para. 12(c)); and failed to give adequate warnings, instructions and/or safety precautions concerning the mixture of Clorox and Lysol Toilet Bowl Cleaner, in violation of 40 C.F.R. Part 156.10(h)(2)(i). (Para. 12(d).) The amended complaint also contains a separate count against each defendant alleging that the defendants are liable to the plaintiff Perry Buddington for his wife's medical treatment for the emotional distress he suffered when he observed his wife as she was being affected by the products. (Paras. 16-17.)
On December 12, 1992, the defendants Clorox and Stop Shop jointly filed an answer alleging twelve special defenses and counterclaims. On June 10, 1993, the defendants Price Club Lysol each filed identical answers containing four special defenses. Each special defense will be discussed separately below, as relevant to the motions to strike.
The plaintiffs moved to strike the identical second, third CT Page 9758 and fourth special defenses of the defendants Sterling Winthrop the Price Club. (Motions to Strike, ##150 and 151, respectively; both dated June 18, 1993.) Motions #150 and #151 are identical motions attacking the special defenses of the Price Club and Sterling Winthrop and, therefore, these motions will be treated as one. The plaintiffs also moved to strike (Motion to Strike dated January 22, 1993) the first, second, third, fifth, eleventh, and twelfth special defenses and both counterclaims of the defendants Clorox and Stop Shop. All of the defendants have filed timely memorandum in opposition to the plaintiffs' motions to strike. The grounds of the motions to strike as to each special defense will be discussed below.
"A motion to strike may be used to challenge the legal sufficiency of a special defense. Practice Book 152(5); Krasnow v. Christensen, 40 Conn. Sup. 287, 492 A.2d 850 (1985)." Robarge v. Patriot General Insurance Co., 5 Conn. L. Rptr. 323 (December 4, 1991, Walsh, J.). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). When the allegations of the complaint state mere conclusions of law without sufficient facts to support those conclusions, the complaint is subject to a motion to strike. Cavallo v. Derby Savings Bank,188 Conn. 281, 285, 449 A.2d 986 (1982).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992).
 A. Plaintiffs' Motion to Strike Defendants Clorox's and Stop 
Shop's First and Fifth Special Defenses.
The defendants Clorox's and Stop Shop's first special defense alleges that Clorox's label was approved by the EPA and that such approval precludes the maintenance of the plaintiffs' action. The fifth special defense alleges that Clorox's label complies with the labeling requirements under FIFRA, 7 U.S.C. § 135
et seq. and, therefore, such approval preempts plaintiffs' claims based on defective warnings. CT Page 9759
The defendants' memorandum in opposition to the motion to strike relies heavily on the United States Supreme Court case Cipollone v. Liggett Group, Inc., ___ U.S. ___, 112 S.Ct. 2608
(1992) for their claim that FIFRA, 7 U.S.C. § 135 et seq. preempts the plaintiffs' state product liability claim.
In Cipollone, the plaintiff brought an action alleging that she developed lung cancer from cigarettes manufactured and sold by the defendants. Id., 2613. One of the claims brought by the plaintiff was a state law "failure to warn claim," alleging that the cigarettes were defective as a result of the defendants failure to provide adequate warnings of the health consequences of cigarettes. Id., 2614. The respondents defended that 5(b)[1] of the Public Health Cigarette Smoking Act of 1969, which mandated uniform federal "requirements and prohibitions" for cigarette labeling, protected them from liability.
The court noted that state common law or statutory damage actions are premised on the existence of a legal duty and therefore, actions such as those brought against a cigarette manufacturer for inadequate labeling, impose labeling requirements and prohibitions on a manufacturer. The Supreme Court, therefore, held that 5(b) of the 1969 Act preempted any state law failure to warn claim "insofar as claims under [a] failure to warn theory require a showing that respondents' advertising or promotions should have included additional, or more clearly stated, warnings." Id., 2621. However, the Court noted that
 in light of the strong presumption against pre-emption — [we must] narrowly construe the precise language of 5(b) and we must look to each of petitioner's common law claims to determine whether it is in fact preempted. The central inquiry in each case is straightforward: we ask whether the legal duty that is the predicate of the common law damages action constitutes a `requirement or prohibition' based on smoking and health . . . imposed under State law with respect to . . . advertising or promotion.
(Footnotes omitted.) Id.
FIFRA contains a uniform labeling requirement,7 U.S.C. § 136v(b)[2], CT Page 9760 similar to 5(b) of the Public Health Cigarette Smoking Act of 1969. Several federal appellate courts have applied the reasoning of Cipollone to failure to warn claims brought against products that were subject to the labeling requirements of FIFRA,7 U.S.C. § 136v(b). In Arkansas-Platte Gulf v. Van Waters 
Rogers, 981 F.2d 1177, 1179 (10th Cir. 1993), the court held that
 [t]o the extent that state tort claims . . . require a showing that the defendants' labeling and packaging should have included additional, different, or alternatively stated warnings from those required under FIFRA, they would be expressly preempted.
See also Papas v. Upjohn Co., 985 F.2d 516 (11th Cir. 1993).
In some circumstances preemption may be pleaded as a special defense when certain facts exist that show the cause of action or law is preempted by federal or state law. See Beacon Falls v. Posick, 212 Conn. 570, 573, 563 A.2d 285 (1989) (state law preemption claim alleged in special defense); cf. Credit Managers Ass'n v. Kennesaw Life and Accident Ins. Co., 809 F.2d 617, 625
(9th Cir. 1987) (existence of facts establishing ERISA plan is question of fact preempting state law claim); see also Kanne v. Connecticut General Life Ins. Co., 859 F.2d 96, 99 n. 4 (9th Cir. 1988), cert. denied, 492 U.S. 906, 109 S.Ct. 3212 (1988).
Construed in a manner most favorable to the defendants; Gordon v. Bridgeport Housing Authority, supra, 170; the defendants' special defenses allege that the products are subject to FIFRA and comply with FIFRA's labeling requirements. Therefore, the plaintiffs' motion to strike the defendants Clorox's and Stop 
Shop's first and fifth special defenses are denied.
 B. Plaintiffs' Motion to Strike Defendants Clorox's and Stop 
Shop's Second and Twelfth Special Defense.
The defendants Clorox's and Stop Shop's second special defense alleges that the plaintiffs' complaint, except to the extent that the complaint alleges a valid product liability action, fails to state a cause of action upon which relief may be granted. The defendants' twelfth special defense alleges, in full, "[t]he Second, Fourth, Sixth and Eighth counts of the complaint fail to state a cause of action."
Both of these special defenses raise essentially the same CT Page 9761 claims, the allegation that the complaint fails to state a cause of action upon which relief can be granted. This allegation raises a question of law for the court and is properly brought by a motion to strike. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170-71, 544 A.2d 1185 (1988) (existence of a duty supporting legal sufficiency of a cause of action is a matter of law for court to determine on a motion to strike); see Nowalk v. Nowalk,175 Conn. 112, 116, 394 A.2d 716 (1978) (grounds for a motion to strike may be that facts as pleaded do not constitute a legally recognizable claim). "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must from the subordinate facts provided." County Federal Savings 
Assn. v. Eastern Associates, supra, 586. The defendants Clorox's and Stop Shop's second and twelfth special defenses fail allege any factual allegations necessary to sustain a motion strike. Id. Therefore, the plaintiffs' motion to strike (#146) the defendants Clorox's and Stop Shop's second and special defenses are granted.
 C. Plaintiffs' Motion to Strike Defendants Clorox's and Stop Shop's Third Special Defense.
The defendants' third special defense alleges that plaintiffs' entire action is preempted by FIFRA, 7 U.S.C. § 136 et seq., and therefore the court lacks subject matter jurisdiction.
 Jurisdiction of the subject matter is a question of law. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. . . . Moreover, whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case. . . .
(Citations omitted, internal quotation marks omitted.) In Judicial Inquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545
(1992).
With regards to preemption of state law claims, the Connecticut Supreme Court has written
 [t]he federal constitution's supremacy clause suspends any state law that conflicts with federal law or that applies to issues which arise within an area exclusively occupied by CT Page 9762 federal law. The possibility, however, that the federal law has preempted the substantive state law upon which a plaintiff has relied and that the averments are not legally sufficient to state a claim upon which relief can be granted does not deprive a court of subject matter jurisdiction . . . unless such jurisdiction is incompatible with congressional objectives. . . . Therefore, unless Congress expressly vested jurisdiction exclusively in the federal courts we should presume state courts have concurrent jurisdiction.
(Citations omitted; footnotes omitted.) Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 289-90,439 A.2d 997 (1981). As noted above, several federal appellate courts have preempted state failure to warn claims brought against products subject to the labeling requirements of FIFRA, 7 U.S.C. § 136v(b), where the success of such claims requires the showing that additional, different or alternative warning labels were necessary. See Arkansas-Platte Gulf v. Van Waters Rogers, 981 F.2d 1177,1779 (10th Cir. 1993); see also Papas v. Upjohn Co., 985 F.2d 516
(11th Cir. 1993).
The preemption of any state statutory product liability claim by FIFRA does not deny this court subject matter jurisdiction absent an express grant by Congress of jurisdiction exclusively in the federal courts. Shea v. First Federal Savings Loan Assn. of New Haven, supra, 289. "The Superior Court has jurisdiction of all matters expressly committed to it and of all other judicially cognizable matters not within the exclusive jurisdiction of another court." (Citations omitted.) Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 289, 439 A.2d 997 (1981). Congress did not grant exclusive jurisdiction to claims brought under FIFRA. Therefore, the court has subject matter jurisdiction.
Having decided that the court has subject matter jurisdiction, it is submitted that the court must consider the motion to strike the defendants' third special defense.
 This issue [of lack of subject matter jurisdiction] is best raised by way of a motion to dismiss which looks to the face of the record. Upson v. State, 190 Conn. 622, 624
CT Page 9763 [461 A.2d 991] (1983) . . . . This is clearly a question of law to be brought before the court and not a question of fact for the jury. See Wetmore v. Wryson, 32 Conn. Sup. 249, [349 A.2d 857] (1974) (party's plea of abatement raising issue of jurisdiction not entitled to be determined in a jury trial).
 As such, an allegation challenging jurisdiction has no place as a special defense.
Cognata v. Gyn-Ob Specialists, 4 Conn. L. Rptr. 124 (May 17, 1991, Katz, J.) (striking special defense raising lack of subject matter jurisdiction); Nave v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 095704 (September 16, 1991). Accordingly, a claim of lack of subject matter jurisdiction is not properly brought by way of a special defense, and the plaintiffs' motion to strike the defendants Clorox's and Stop 
Shop's third special defenses are granted.
 D. Plaintiffs' Motion to Strike the Defendants Clorox's and Stop Shop's Eleventh Special Defense
The defendants Clorox and Stop Shop allege in their eleventh special defense that the plaintiffs' injuries were caused by their own negligence and carelessness in both combining the Lysol Toilet Cleaner with Clorox Bleach and in failing to take heed of the warning labels on each product. Therefore, the defendants allege that the plaintiffs' damages should be diminished accordingly. The plaintiffs move to strike this special defense on the ground that it is "legally insufficient because it does not state the comparative negligence law in the State of Connecticut." The plaintiffs' memorandum in support of the motion to strike failed include any specific section or argument directed to the eleventh special defense, as required by Practice Book 155. In their memorandum in opposition, the defendants object to the form of the motion, arguing that the motion should be denied due to the plaintiffs' failure to include any argument citing legal authority for the claimed legal insufficiency.
When a defendant fails to "specify the distinct reasons for the claimed insufficiency of the [pleading at issue] in its motion the motion [is] `fatally defective' under Practice Book 154 notwithstanding the defendant's inclusion of such reasons in its CT Page 9764 supporting memorandum." Bouchard v. Peoples Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991). Although the requirements of Practice Book 154 are considered nonjurisdictional and the court may consider the motion; id.; the nonmovant's objection to the form of the motion is grounds to deny the motion. See Klachkin v. CTI Electronics Corp., 7 Conn. L. Rptr. 559, 560 (November 6, 1992, Ballen, J.)
The assertion by the plaintiffs that the eleventh special defense "does not state the comparative negligence law in Connecticut" merely reiterates and adds nothing to the plaintiffs' initial assertion that the special defense is legally insufficient. The motion to strike the eleventh special defense fails to specify the distinct reasons for the claimed insufficiency and is, therefore, fatally defective. Because the defendants have objected to the form of the motion to strike, it is therefore denied.
Additionally, the plaintiffs have failed to accompany motion to strike the eleventh special defense with an "appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book 155. The omission of the legal memorandum in regards to the eleventh special defense provides an additional basis to deny the motion.
 E. Plaintiffs' Motion to Strike Defendants Clorox's and Stop 
Shop's Vexatious Litigation Counterclaims.
The defendants Clorox and Stop Shop also assert counterclaims against both plaintiffs alleging that the plaintiffs' immediate action is vexatious litigation in violation of General Statutes 52-568(a)(1) and (2), respectively. "A claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously without probable cause, and terminated in the plaintiff's favor." (Emphasis added.) Shafer v. O.K. Tool Co., Inc., 110 Conn. 528, 532, 148 A. 330; see also DeLaurentis v. New Haven, 220 Conn. 225, 248, 597 A.2d 807 (1991). The defendants' counterclaims of vexatious litigation are raised in the same action claimed to be vexatious. The defendants have failed to allege, nor is it possible for them to allege, that the lawsuit terminated in their favor. Therefore, the plaintiffs' motion to strike the defendants Clorox's and Stop and Shops' first and second counterclaims are granted. See Yale New Haven Hospital v. Orlins, 6 Conn. L. Rptr. 364, 367-68 (June 1, 1992, Levin, J.); Cummings Lockwood v. Gray, 3 Conn. L. Rptr. 124 (January 4, 1991, Pickett, J.). CT Page 9765
 F. Plaintiffs' Motion To Strike Defendants Sterling Winthrop's and Price Club's Second, Third and Fourth Special Defenses.
The defendants Sterling Winthrop's and Price Club's second special defense alleges that the plaintiffs' product liability action is precluded and preempted by the Federal Insecticide, Fungicide, Rodenticide Act (FIFRA), 7 U.S.C. § 136 et seq. The defendants' third and fourth special defenses, respectively, allege that the "plaintiff Perry Buddington's claim for medical expenses incurred by plaintiff Sarah Buddington does not constitute an actionable claim under, General Statutes 52-572m et seq. and that "the plaintiff Perry Buddington's claim [for] . . . emotional distress does not constitute an actionable claim." The plaintiffs move to strike these special defenses on the grounds that the defendants have failed to allege any facts capable of supporting a special defense.
The defendants' second special defense alleges only the bare legal conclusion of preemption and fails to articulate any factual allegations that would support the preemption defense, such as the existence of any facts that would subject the product to FIFRA or facts alleging compliance with the labeling requirements imposed by FIFRA. (See discussion of preemption special defense, above.) The allegations in the third and fourth special defenses also fail to allege any facts but, rather, raise questions of law that are properly brought by a motion to strike. See Nowalk v. Nowalk,175 Conn. 112, 116, 394 A.2d 716 (1978) (grounds for a motion to strike may be that facts as pleaded do not constitute a legally recognizable claim); see also Cavallo v. Derby Savings Bank, supra, 258 (sufficient facts must be alleged for pleading to survive a motion to strike). Such allegations do not constitute "sufficient allegations of facts consistent with the plaintiffs' complaint that would show that the plaintiff has no cause of action"; Grant v. Bassman, supra, 472-73; but rather state bare conclusions of law.
"The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan Assn. v. Eastern Associates, supra, 586. A special defense raises questions of fact for the jury. See Grant v. Bassman, supra, 473 (election of remedies special defense raises question of fact outside those alleged in complaint); Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993) (statute of limitations defense not properly raised by motion to strike, but by special defense because motion CT Page 9766 to strike raises no issue); Shelby Mutual Ins. Co. v. Della Ghelfa,3 Conn. App. 432, 447 489 A.2d 398 (1985) (special defense of waiver raises issue of fact for jury). To survive a motion to strike, the special defense must provide factual allegations as to the essential elements of the defense. County Federal Savings Loan Assn. v. Eastern Associates, supra, 586.
The second, third and fourth special defenses fail to raise any factual allegations supporting a defense to the plaintiffs' claims. Therefore, the plaintiffs' motions to strike (##150-151) the defendants Sterling Winthrop's and the Price Club's second, third and fourth special defenses are granted.
CONCLUSION
As to the defendants Clorox and Stop Shop, the motion to strike (#146) is granted as to only the second, third and twelfth special defenses and both counterclaims. The motion to strike (#146) is denied as to the first, fifth and eleventh special defenses. As to the defendants Sterling Winthrop and the Price Company, the motions to strike (##150 and 151) the defendants' second, third and fourth special defenses are granted.
Howard F. Zoarski, Judge