[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Before the court is the plaintiff's motion to strike the defendant town's special defense alleging the court lacks subject matter jurisdiction to hear this tax appeal because of failure to timely appeal within two months of the board of tax CT Page 3694 review decision as required by Conn. Gen. Stat. § 12-117a., although the defendant had previously raised the same jurisdictional issue previously by a motion to dismiss denied by the court, Sullivan, J.
New pleadings intended to raise again a question of law which has already been presented on the record and determined adversely to the pleader are not to be favored. Breen v.Phelps, 186 Conn. 86, 99.
The motion is granted because (1) the issue has already been litigated and the law of the case is that jurisdiction does exist; (2) the issue appears to this court to have been correctly decided; (3) it was decided after a hearing at which each party had the opportunity to be heard and present evidence.
This is an appeal by the plaintiff from the decision of the Board of Tax Review of the Town of Southbury. The facts of this case as alleged in the pleadings are as follows. The plaintiff, Integrated Systems Solutions Incorporated, filed a petition for correction of valuation with the defendant, Board of Tax Review for the Town of Southbury, for the purpose of appealing the defendant's assessment, for tax purposes, of certain personal property owned by the plaintiff. On February 3, 1994 a hearing was held by the defendant. Michael Healy and John Nola, representatives of the plaintiff, testified at that hearing. (Def. Ex. 1).[1]
On February 19, 1994, the defendant denied the plaintiff's appeal. (Def. Ex. 2). This decision was received by Southbury's Town Clerk's office for filing on February 28, 1994. (Def. Ex. 2). A notice, dated February 28, 1994, informing the plaintiff of the defendant's decision, was mailed to the plaintiff on March 1, 1994. (Def. Exs. 3 and 4). The plaintiff is deemed to have filed its appeal upon service on the defendant on April 27, 1994. Gregersen v. Town of Wilton, 5 CSCR 120
(December 18, 1989, Cioffi, J.).
The defendant moved to dismiss the plaintiff's appeal on June 16, 1994, on the ground that General Statutes § 12-117a
requires that the plaintiff file its appeal within two months from the date of the board's decision, February 19, 1994, and therefore the plaintiff's service of the appeal on April 27, 1994 was not timely. The defendant's motion to dismiss on that ground was denied by the court, Sullivan, J., on January 3, CT Page 3695 1995. Judge Sullivan held the appeal period commences to run on the day that a Board of Tax Review makes its decision, provided that the board complies with the requirement of giving proper notice to the taxpayer. Although the board acted on February 19, 1994, Judge Sullivan found its notification to the plaintiff did not occur until February 28, 1994 when the decision was also filed with the town clerk, and that no earlier actual notice had occurred. He found the appeal was timely whether the February 28th or March 1st mailing date is viewed as the trigger starting the two month appeal period.
Procedurally, since the date of Judge Sullivan's decision, the defendant filed an answer on January 18, 1995, including the jurisdictional first special defense. On February 2, 1995, the plaintiff moved to strike the defendant's first special defense on the ground that the special defense reasserts the same jurisdictional argument already decided by the Judge Sullivan regarding the appeal, and that, therefore, the defense is insufficient as a matter of law.
A plaintiff can demur to a special defense or counter-claim."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). The defendant has pleaded a first special defense which alleges that, "[t]his Court lacks subject matter jurisdiction over the Applicant's claims by virtue of the Applicant's failure to commence this action in a timely manner pursuant to Conn. Gen. Stat. § 12-117a." (Answer, p. 2.) The plaintiff has moved to strike the defendant's first special defense on the ground that it is legally insufficient as a matter of law in that the same jurisdictional issue was raised in this case by a motion to dismiss filed by the defendant, which was denied by the court, Sullivan, J., on February 3, 1995.
The defendant argues that it is not foreclosed from asserting the same jurisdictional ground as a special defense, and cites Lewis v. Connecticut Gaming Policy Board, 224 Conn. 693,620 A.2d 780 (1993), as authority for its position. InLewis, the Court upheld Superior Court Judge Norko's decision to reconsider a jurisdictional issue previously ruled on by a coordinate judge. The jurisdictional issue in Lewis was asserted as a special defense. However, it was not attacked by a motion to strike as in the present case. Rather, the issue of jurisdiction was reconsidered by the trial court during the hearing of the appeal. Id., 696. On appeal to the Supreme Court, review was limited to the following questions: CT Page 3696
 (1) whether a Superior Court judge was prohibited from reviewing and reversing a ruling, made earlier in the same case by a coordinate judge, relating to a question of subject matter jurisdiction; and (2) whether the proceedings before an administrative agency terminating the employment of an appointed, unclassified permanent state employee who served as a unit head in the division of special revenue constituted a "contested case" under General Statutes 4-166(2).
Id., 694.
A motion to strike attacks the legal sufficiency of a pleading. Mingachos v. CBS, Inc., supra, 196 Conn. 108. The question therefore becomes, where a motion to dismiss has previously attacked subject matter jurisdiction and jurisdiction has been upheld by the court, is the identical jurisdictional issue asserted as a special defense legally sufficient?
"Jurisdiction of the subject matter is a question of law."In Judicial Inquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545
(1992).
 This issue [of subject matter jurisdiction] is best raised by way of a motion to dismiss which looks to the face of the record. Upson v. State, 190 Conn. 622, 624 [461 A.2d 991] (1983). . . . This is clearly a question of law to be brought before the court and not a question of fact for the jury. See Wetmore v. Wryson, 32 Conn. Sup. 249, [349 A.2d 857] (1974) (party's plea of abatement raising issue of jurisdiction not entitled to be determined in a jury trial).
 As such, an allegation challenging jurisdiction has no place as a special defense.
Cognate v. Gyn-Ob Specialists, 4 Conn. L.Rptr. 124 (May 17, 1991, Katz, J.) (striking special defense raising lack of subject matter jurisdiction); Buddington v. Sterling Winthrop,Inc., 10 Conn. L.Rptr. 358, 360, (November 12, 1993, Zoarski, J.)); Nave v. St. Mary's Hospital, 4 Conn. L.Rptr. 515, 516 (September 16, 1991, Murray, J.); Lenz v. CNA Assurance CompanyCT Page 3697of Connecticut, 1992 WL 229270 (Conn.Super.).
The defendant further argues that "the hearing held by the Court [concerning this issue] was limited as to the amount of testimony obtained. . . . Defendant believes because the testimony obtained was limited and inconsistent, there are factual questions that remain that should be addressed at trial." (Defendant's Memorandum in Opposition, p. 8.) The argument is not persuasive. The defendant was given the same opportunity to present evidence at the hearing before Judge Sullivan as was the plaintiff. Judge Sullivan had an opportunity to view each party's witnesses and assess their credibility. "The trier is the judge of the credibility of all the witnesses and the weight to be given their testimony."Griffin v. Nationwide Moving Storage Company, 187 Conn. 405,422, 446 A.2d 799 (1982). Moreover, "[w]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. . . ." (Citations omitted; internal quotation marks omitted.)Killingly v. Connecticut Siting Council, 220 Conn. 516, 522,600 A.2d 752 (1991).
Furthermore, a review of the decision in the present case as to the defendant's motion to dismiss, leads to a concurrence that, based on Trap Falls Realty v. Board of Tax Review of theCity of Shelton, 29 Conn. App. 97, 612 A.2d 814, cert. denied,224 Conn. 911 (1992) and Mettler Realty Company v. North HavenBoard of Tax Review, 7 Conn. L.Rptr. 554 (October 30, 1992) the court has jurisdiction over the subject matter of this case.
The plaintiff's motion to strike the defendant's first special defense is granted.
FLYNN, J.