978 P.2d 809

CREDIT ASSOCIATES OF MAUI,
LTD., a Hawai'i corporation,
Plaintiff–Appellee,

v.

Charles W. BROOKS and Donna J.
Brooks, aka Donna J. Pagan Brooks,
Defendants–Appellants.

No. 20895.

Supreme Court of Hawai'i.

May 20, 1999.

Andre' S. Wooten, on the briefs, Honolulu, for defendants-appellants.

Lynn A.S. Araki, on the briefs, for plaintiff-appellee.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by RAMIL, J.

In this debt·collection case, plaintiff-appellee Credit Associates of Maui, Ltd. brought an action to collect a total of $11,-092.59 against defendants-appellants Charles W. Brooks and Donna J. Brooks, aka Donna J. Pagan Brooks (collectively, Defendants). The district court denied Defendants' demand for trial by jury. On appeal, Defendants argue that the district court erred when it denied their demand for trial by jury because the amount in controversy exceeded $5,000.00. For the reasons discussed below, we hold that "the amount in controversy" for

purposes of HRS § 604–5(b) is the aggregate amount being sought in a complaint by a single plaintiff against a single defendant, as opposed to the amount alleged as damages in each individual "count" of a complaint. We therefore vacate the district court's findings of fact, conclusions of law, and order for entry of judgment filed July 9, 1997, and remand this case to the district court with instructions to grant Defendants' demand for trial by jury.

## I. BACKGROUND

Plaintiff is a debt collection agency, the clients of which include GTE Hawaiian Telephone (GTE), Straub Hospital, Howard G. Barbarosh, M.D., LBJ Texaco, and Maui Medical Group. Between March 17, 1994 and November 27, 1995, each of these clients assigned various debts allegedly incurred by Defendants to Plaintiff for collection. On February 13, 1997, Plaintiff filed an assumpsit action against Defendants for monies due and owing to the following clients: (1) GTE totaling $468.28; (2) Straub Hospital Services totaling $4,001.29; (3) Howard G. Barbarosh, M.D. totaling $3,841.28; (4) LBJ Texaco totaling $20.00; and (5) Maui Medical Group totaling $2,781.74.[1]

In summary, the case involved a total amount of $11,092.59 allegedly owed to Plaintiff, which, in turn, would distribute any monies collected to various clients. Although Plaintiff could have brought a separate complaint on behalf of each client, Plaintiff chose to pursue the claims of its clients in a single multi-count complaint.

1. The complaint in this case alleged as follows: COUNT ONE On or about 10–21–95, Defendant(s) became indebted to GTE HAWAIIAN TELEPHONE in the sum of $468.28[.] COUNT TWO On or about 5–11–93, Defendant(s) became indebted to STRAUB HOSPITAL SERVICES in the sum of $4,001.29[.] COUNT THREE On or about 5–27–93, Defendant(s) became indebted to HOWARD G. BARBAROSH, M.D. in the sum of $3,841.28[.] COUNT FOUR On or about 8–23–94, Defendant(s) became indebted to LBJ TEXACO in the sum of $20.00[.] COUNT FIVE On or about 1–15–94, Defendant(s) became indebted to THE MAUI MEDICAL GROUP, INC. in the sum of $2,092.80[.]

At a hearing on March 10, 1997, the district court denied Defendants' request for a jury trial on the basis that less than $5,000.00 was alleged to be owing to each of Plaintiff's clients noted in the complaint. Reasoning that each debt or claim (i.e., each count of the complaint) was to be reviewed separately, the district court did not consider the aggregate amount allegedly owing to all five of Plaintiff's clients as the amount determining whether Defendants were entitled to a jury trial.

At the time of the bench trial on May 5, 1997, there were outstanding debts alleged owing to four of Plaintiff's clients. Accordingly, Plaintiff presented four witnesses, each of whom was the custodian of records of the respective client, in addition to George S. Shimada, president of the Plaintiff collection agency. Based on the evidence presented at trial, the district court found Defendants indebted to four of Plaintiff's clients as alleged in the complaint.[2] As a result, the judgment totaled $15,779.14, which included interest, court costs, attorney's fees, and sheriff's fees. From this judgment, Defendants filed a timely notice of appeal.

## II. STANDARD OF REVIEW

■ The denial of a demand for trial by jury under HRS § 604–5 (1993) involves the interpretation of the statute. The interpretation of a statute is a question of law reviewable de novo. Shimabuku v. Montgomery Elevator Co., 79 Hawai'i 352, 357, 903 P.2d 48, 52 (1995).

COUNT SIX On or about 1–24–95, Defendant(s) became indebted to THE MAUI MEDICAL GROUP, INC. in the sum of $688.94[.] A seventh count was subsequently added. Thereafter, counts four and seven involving a check returned because of insufficient funds written to LBJ Texaco were dismissed with prejudice prior to trial.

2. The four clients were GTE Hawaiian Telephone, Straub Hospital Services, Howard G. Barbarosh, M.D., and Maui Medical Group. As noted supra note 1, counts four and seven involving LBJ Texaco were dismissed with prejudice prior to trial.

## III. *DISCUSSION*

Defendants argue that the district court erred when it denied their numerous demands for a jury trial because the amount in controversy in this case exceeded $5,000.00. We agree.

### A. *Applicable Rules of Statutory Construction*

 "When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan*, 87 Hawai'i 217, 229, 953 P.2d 1315, 1327 (1998) (quoting *State v. Cullen*, 86 Hawai'i 1, 8–9, 946 P.2d 955, 963–64 (1997)). This court has rejected, however, an approach to statutory construction which is limited to the words of a statute. *Four Star Ins. Agency, Inc. v. Hawaiian Elec. Indus., Inc.*, 89 Hawai'i 427, 431, 974 P.2d 1017, 1021 (1999)(quoting *Bragg v. State Farm Mut. Auto Ins. Co.*, 81 Hawai'i 302, 306, 916 P.2d 1203, 1207 (1996) (citation omitted)). Instead, we must read statutory language in the context of the entire statute and construe it in manner consistent with its purpose. *Shipley v. Ala Moana Hotel*, 83 Hawai'i 361, 364–65, 926 P.2d 1284, 1287–88 (1996) (citing *State v. Toyomura*, 80 Hawai'i 8, 19, 904 P.2d 893, 904 (1995)).

 In doing so, we may consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it ... to discover its true meaning." HRS § 1–15(2) (1993). "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." *State v. Ake*, 88 Hawai'i 389, 395, 967 P.2d 221, 227

(1998) (quoting HRS § 1–16 (1993)). In considering the meaning of the words in a statute, "[t]he legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction[,] and illogicality." *Kim v. Contractors License Bd.*, 88 Hawai'i 264, 270, 965 P.2d 806, 812 (1998) (quoting *State v. Arceo*, 84 Hawai'i 1, 19, 928 P.2d 843, 861 (1996) (citation and internal quotation marks omitted)); *see also* HRS § 1–15(3) (1993) (providing that "[e]very construction which leads to an absurdity shall be rejected").

### B. *Right to Jury Trial in Civil Cases*

The Hawai'i Constitution provides that "[i]n suits at common law where the value in controversy shall exceed five thousand dollars, the right of trial by jury shall be preserved." Haw. Const., art. I, § 13 (as amended in 1988). "Given the recognition by ... both the Hawai'i and United States Constitutions,[3] the right to a jury trial in civil cases is clearly among the most sacred, fundamental rights enjoyed by our citizens." *Pancakes of Hawai'i, Inc. v. Pomare Properties Corp.*, 85 Hawai'i 300, 305, 944 P.2d 97, 102 (App.1997) (footnote added). The parties do not dispute that this debt collection case constitutes a suit at common law and is therefore subject to the provisions of article I, section 13 of the Hawai'i Constitution.

To reinforce a party's right to jury trial, Rule 38 of the District Court Rules of Civil Procedure (DCRCP) (1996) provides in relevant part:

**Rule 38. Jury trial of right**

(a) *Right Preserved.* The right of trial by jury as declared by the Constitution of the State of Hawai'i or as provided by a statute shall be preserved to the parties inviolate.

---

3. In *Lum v. Sun*, 70 Haw. 288, 294, 769 P.2d 1091, 1095 (1989), we stated:

[T]he Seventh Amendment to the United States Constitution guarantees that "[i]n [s]uits at common law, where the value in controversy shall exceed *twenty dollars*, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law...." "[T]he

Seventh Amendment[, however,] applies only to proceedings in courts of the United States and does not in any manner whatever govern or regulate trials by jury in state courts...." *Minneapolis & St. Louis R.R. v. Bombolis*, 241 U.S. 211, 217, 36 S.Ct. 595, 596, 60 L.Ed. 961 (1916) (citations omitted).
(Some alterations in original and some added.)
(Emphasis added.)

(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the case is at issue.

(Emphases in original.) *See Lum v. Sun,* 70 Haw. 288, 295, 769 P.2d 1091, 1095 (1989) (noting that the DCRCP reinforce the constitutional provision securing the right to a jury trial in suits at common law where the value in controversy exceeds $5,000.00). The parties in this case do not dispute that Defendant made a proper demand for jury trial under DCRCP Rule 38.

HRS § 604–5, which defines the jurisdictional limits of the district courts, provides that a case shall be transferred to the circuit court whenever a civil matter is triable of right by a jury and trial by jury is demanded. *Lum,* 70 Haw. at 295, 769 P.2d at 1095. HRS § 604–5 (Supp.1998) provides in relevant part:

### § 604–5. Civil jurisdiction

(a) *Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $20,000,* except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim.

(b) *The district courts shall try and determine all actions without a jury, subject to appeal according to law.* Whenever a civil matter is triable of right by a jury and trial by jury is demanded in the manner and within the time provided by the rules of court, the case shall be transferred to the circuit court. *If the demand is made in the complaint and the matter is triable of right by a jury, the action may be commenced in the circuit court if the amount in controversy exceeds $5,000.*

(Some emphases in original and some added.) Based upon the clear and unambiguous language of HRS § 604–5, although the district court has jurisdiction over cases having a value under $20,000.00, any party may demand a jury trial in circuit court if the amount in controversy exceeds $5,000.00. *See K.H. Properties v. Mitchell,* 72 Haw. 373, 818 P.2d 1177 (1991) (holding that parties have the right to a jury trial under article I, section 13 of the Hawai'i Constitution where (1) a complaint alleged a claim in assumpsit, (2) a party has prayed for damages in excess of $5,000.00, and (3) jury demand was properly made under DCRCP Rule 38).

In this case, Plaintiff brought a complaint containing five counts on behalf of various clients against Defendants, jointly and severally. Because the complaint prays for a total of $11,092.59 in damages, the total amount in question exceeds $5,000.00. It therefore follows the total amount in controversy exceeds $5,000.00. Accordingly, under the clear and unambiguous language of HRS § 604–5(b), because Defendants have properly demanded trial by jury under DCRCP Rule 38, Defendants are entitled to trial by jury in circuit court.

Plaintiff contends, however, that each count of the complaint constitutes a separate "claim" (*i.e.,* "controversy") because each count involved distinct creditors, factual situations, allegations, and issues. Plaintiff maintains that Defendants were not entitled to a jury trial because none of the counts alleged in the complaint exceeded $5,000.00.

In support of its contention, Plaintiff relies on *Lum, supra,* for the proposition that "it was entirely permissible for the district court in the instant case to have segregated the dollar amount of each claim when considering whether a party has the right to a trial by jury for any and/or all of the claims." *Lum,* however, is inapposite to this case because the issue therein was whether the district court properly segregated a landlord's summary possession claim from other issues that were triable by jury. 70 Haw. at 299, 769 P.2d at 1097–98.

In *Lum,* the plaintiff brought a summary possession action against the defendants,

who in turn filed a multi-count counterclaim and demanded trial by jury. *Id.* The district court retained jurisdiction over the summary possession proceeding but severed and transferred the other issues to the circuit court for trial by jury. *Id.* On appeal, the defendant argued:

> whenever a demand for trial by jury is properly made as to a 'matter' (in the words of the statute) or 'any issue' (in the words of the rule) which is triable of right by a jury, 'the case,' not just the matter or issue, shall be transferred [to the circuit court].

*Id.* at 295, 769 P.2d at 1096 (alterations in original).

After recognizing that summary possession claims fell within the exclusive jurisdiction of the district courts, this court stated:

> "In a legal sense, 'case' is generally understood as meaning a judicial proceeding for the determination of a controversy between parties where rights are enforced or wrongs are prevented or redressed. *State v. Montevallo Coal Mining Co.,* 29 Ala. App. 318, 197 So. 82, 85 [, *cert. denied,* 240 Ala. 73, 197 So. 87 (1940) ]; *Ex Parte Chesser,* 93 Fla. 590, 112 So. 87, 90 [ (1927) ]." *Opinion of the Clerk,* 345 So.2d 1329, 1330 (Ala.1977). Read narrowly, it is "a question contested before a court of justice." Black's Law Dictionary 195 (5th ed.1979). It may also be "the lawsuit, the cause of action, or the matter as a whole." *Wetmore v. Wrynn,* 32 Conn.Supp. 249, 254, 349 A.2d 857, 860 (1974). Read in the context of the relevant rule, "the case" could hardly be "the matter as a whole," as [the defendant] contends, for the litigant is allowed thereunder to "specify the issues which he wishes tried by jury[;] otherwise he shall be deemed to have demanded trial by jury for all issues so triable." DCRCP 38(c). The rule thus contemplates that the questions raised by the aggregate of facts furnishing occasion for the exercise of judicial authority are subject to segregation for bench or jury trial.

*Id.* at 298–99, 769 P.2d at 1097 (some alterations in original and some added). Based upon this reasoning, this court held that there is no constitutional barrier to trials in different courts of separate issues arising from the same facts. *Id.* at 299, 769 P.2d at 1097–98.

We decline to read *Lum* to stand for the proposition that each count of a complaint constitutes a separate controversy for purposes of determining whether a party is entitled to demand trial by jury under HRS § 604–5(b). Unlike *Lum,* this case does not involve the question whether a summary possession claim, over which the district court has exclusive jurisdiction, can be separated from other claims that are subject to trial by jury.

Instead, this case involves a single claim by a debt collection agency alleging that Defendants have failed to pay various debts owed to various clients of the collection agency. Each count alleged in the complaint narrates facts as to how Defendants have incurred the debt being sought. At trial, Plaintiff must prove the facts alleged in each count to support an award of damages. This case therefore involves a single debt of $11,092.59 allegedly owed to Plaintiff. It is only after Plaintiff is able obtain a judgment and collect on that judgment that it will be in a position to distribute the proceeds to its clients. Indeed, by virtue of their assignment of their claims to Plaintiff, GTE, Straub, Howard G. Barbarosh, M.D., and Maui Medical Group are not parties to this case. Thus, this case, unlike *Lum,* poses the question whether the "amount in controversy" constitutes the amount being claimed as damages in each count or the aggregate amount of all counts in a single complaint.

Further, "controversy" is generally defined as: "[a] litigated question; adversary proceeding in a court of law; a civil action or suit, either at law or in equity; a justiciable dispute." Black's Law Dictionary, 330 (6th ed.1990). As applied to this case, the amount in "controversy" is the amount in dispute that is being claimed by Plaintiff, which is $11,092.59. Put differently, this amount represents the amount over which the parties are fighting. Given this definition of "controversy," it would be a fiction to view this case as five separate "controversies."

Our result in this case is consistent with the general policy protecting a party's right

to jury trial. In 1994, the legislature doubled the jurisdictional limit of the district courts from $10,000.00 to $20,000.00.[4] 1994 Haw. Sess. L. Act 4, § 1, at 90. This amendment was enacted to encourage parties to litigate cases involving less than $20,000.00 in district court, where cases are generally disposed of in a shorter time period as compared to circuit court. Sen. Stand. Comm. Rep.No. 2552, in 1994 Senate Journal, at 1028 (noting that "a case filed in circuit court takes approximately 24 months from filing to disposition ... [while] district court can bring a case to trial in as little as two months"). However, there has not been a similar attempt to increase the $5,000.00 threshold amount at which a party is entitled to a jury trial. Therefore, there is a general policy in favor of preserving a party's right to trial by jury in cases where the amount in question exceeds $5,000.00.

In this case, Plaintiff is seeking to recover $11,092.59 from Defendants Charles W. Brooks (Charles) and Donna J. Brooks (Donna), jointly and severally. Under the theory of joint and several liability, Charles and Donna are each potentially liable for the entire amount of $11,092.59, an amount in excess of $5,000.00. In turn, given that Plaintiff is the assignee of various debts allegedly incurred by Defendants, Plaintiff is really a single creditor seeking to recover a single debt allegedly owed to Plaintiff as an assignee. Inasmuch as the total debt allegedly owed by each defendant to a single plaintiff exceeds $5,000.00, the amount in controversy in this case supports a jury de-

mand. Accordingly, we hold, under the facts of this case, that "the amount in controversy" for purposes of HRS § 604–5(b) is the aggregate amount being sought in a complaint by a single plaintiff against a single defendant, as opposed to the amount alleged as damages in each individual "count" of a complaint. The district court therefore erred in denying Defendants' demand for jury trial in this case.

## IV. CONCLUSION

For the reasons stated above, we vacate the district court's findings of fact, conclusions of law, and order for entry of judgment filed July 9, 1997, and remand this case to the district court with instructions to grant Defendants' demand for jury trial.[5]

---

4. *Compare* HRS § 604–5 (Supp.1998) *with* HRS § 604–5 (1993). HRS § 604–5 (Supp.1998) provides in relevant part:
 Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed *$20,000*[.]
 (Emphasis added.) HRS § 604–5 (1993) provided in relevant part:
 Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed *$10,000*[.]

5. Defendants also argue that there was insufficient evidence of their indebtedness to Plaintiff. "It is well settled, however, that an appellate court will not pass upon issues dependent upon

the credibility of witnesses and the weight of the evidence." *Steinberg v. Hoshijo*, 88 Hawai'i 10, 18, 960 P.2d 1218, 1226 (1998) (citing *See Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 117, 839 P.2d 10, 28, *reconsideration denied*, 74 Haw. 650, 843 P.2d 144 (1992)). In this case, Plaintiff presented four witnesses, each of whom was the custodian of records of Plaintiff's respective clients. Each of these witnesses testified that Defendants owed the respective amounts alleged in the complaint. Based upon our review of the record, there was substantial and probative evidence to support the district court's finding that Defendants were indebted to Plaintiff. In any event, because we agree with Defendants' first point of error, we remand this case with instructions to grant Defendants' demand for jury trial.