**K.H. PROPERTIES**, a Hawaii corporation, Plaintiff–Appellee,
v. **WALTER MITCHELL**, dba **CORPORATE OFFICES HAWAII**, Defendant–Appellant

NO. 14753

(CIV. NO. H88–861)

OCTOBER 17, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a district court judgment, in a landlord/tenant dispute, awarding summary possession, and damages,

interest and attorney's fees and costs for breach of the lease agreement in the total sum of $195,536.95 to the plaintiff–appellee (appellee).

Defendant–Appellant (appellant) alleges as error: (1) the order of the First Circuit Court remanding appellee's claims in assumpsit, set out in Count II of its complaint, to the district court for trial after a jury demand had been made by the appellant; (2) the trial court's finding that appellant Mitchell had fraudulently altered the subject lease; (3) the trial court's denial of a right of redemption of the premises pursuant to Hawaii Revised Statutes (HRS) § 666–14; (4) the trial court's finding that appellee's exhibit C in evidence was the correct version of the lease; (5) the trial court's conclusion that appellant owed additional rent for the period prior to the time when appellant was obligated to pay market rent; and (6) the trial court's denial of appellant's motion for a new trial.

We hold the action of the circuit court in remanding the assumpsit (breach of contract) claims to the district court for trial, without a jury, and with the summary possession claim, and the district court's action in trying the breach of contract claim without a jury were erroneous.

We thought we had made it clear in *Lum v. Sun*, 70 Haw. 288, 769 P.2d 1091 (1989), that actions for summary possession are triable in the district court without a jury, but claims for damages arising from breach of covenants are subject to the constitutional requirement of a jury trial where demand has been properly made therefor.

In this case, the complaint alleged a claim in "assumpsit," and asked for damages in excess of $5,000, so appellant had the right to a jury trial on damages under article I, § 13 of the Constitution of the State of Hawaii (as amended 1988). Demand under DCRCP 38 was properly made. Therefore it was error for the district court to try and to decide the amount of damages arising from appellant's

breach of contract. We therefore uphold appellant's point of error no. 1 and vacate the judgment for damages arising out of breach of the lease agreement.

In order to pass upon the summary possession issue, the district court had to determine whether appellee's exhibit C or appellant's exhibit 1 was the true lease. The court determined that exhibit C was the true lease. This is a finding of fact supported by substantial evidence and not clearly erroneous. It was a necessary finding in disposing of the possession claim. Therefore, in any further proceedings, it will be the law of the case.

In addition, the court below had to find that appellant had breached the lease by failing to pay the rent as set forth therein. This was a finding of fact supported by substantial evidence and not clearly erroneous. It was a necessary finding in order to pass upon the possession action and therefore, in any further proceedings, it will be the law of the case.

The amount of damages arising from appellant's breach of the lease was, however, a jury issue and will have to be tried again.

As to the denial of the motion for new trial, that was within the discretion of the court, and we affirm the same. As to the matter of the alleged right of redemption under HRS § 666–14, we agree with appellee that any right of redemption was waived by the express provision therefor in the lease. Moreover, HRS § 666–14 deals actually with stays of judgments for summary possession and the record is devoid of any showing of compliance therewith by the appellant.

Appellant complains of the trial court's finding of fraud but that finding does not affect either the right of appellee to summary possession, or the amount of damages for breach of lease which may be assessed on retrial. Accordingly, it is not necessary to pass upon it, one way or the other.

Affirmed in part, vacated in part and remanded with instructions to the district court to transfer the trial of the issue of damages

arising out of the breach of the lease to the circuit court for jury trial.

*Dennis W. Potts* for appellant.

*Dale W. Lee* (*Bert T. Kobayashi, Jr.* and *Lyle S. Hosoda* on the brief; Kobayashi, Sugita & Goda) for appellee.