**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000029
19-AUG-2025
07:58 AM
Dkt. 101 SO

NO. CAAP-23-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID REES, Plaintiff-Appellee, v.
JEFF GORDON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION
(CASE NO. 5DRC-22-0000565)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Self-represented Defendant-Appellant Jeff Gordon (**Gordon**) appeals from the January 20, 2023 Judgment for Possession (**Judgment**) and the January 20, 2023 Writ of Possession (**Writ**), entered by the Līhu'e Division of the District Court of the Fifth Circuit (**District Court**) in favor of Plaintiff-Appellee David Rees (**Rees**).[1]

Gordon raises eleven points of error on appeal,[2] contending that the District Court erred in: (1) not transferring, upon Gordon's request, this District Court case into a case that was separately filed in 5CCV-22-0000081 in the Circuit Court of the Fifth Circuit (**Circuit Court**) (**Pending**

---

[1]     The Honorable Michael K. Soong presided.

[2]     Gordon asserts thirteen points of error, but makes arguments on eleven points of error.

**Circuit Court Case**) for a jury trial on all issues; (2) not *sua sponte* transferring the District Court case to the Pending Circuit Court Case for jury trial; (3) ruling that the facts, *i.e.*, the evidence adduced at trial, were not applicable to retaliatory eviction; (4) trying the case based on an unauthorized Amended Complaint; (5) trying the case based on the failure to pay rent claim; (6) considering an alleged threat to kill as a basis for summary relief under Hawaii Revised Statutes (**HRS**) § 521 *et seq.* and finding that Gordon threatened Rees; (7) entering judgment for possession based in part on the termination of a month-to-month tenancy; (8) allowing into evidence a recording made in violation of HRS § 711-1111(e) (Supp. 2024); (9) disallowing Gordon's tender of alleged back due rent at the end of trial; (10) not according Gordon the leeway and deference that courts are required to show *pro se* litigants; and (11) purposely scheduling the return date of Gordon's January 16, 2023 Motion to Stay Judgment and for Supersedeas Bond (**Stay Motion**) to render it moot.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Gordon's points of error as follows:

(1 & 2) Gordon argues that the District Court erred in denying his motions to consolidate the District Court case into the Pending Circuit Court Case because Gordon was absolutely entitled to a jury trial upon demand. Gordon also contends that it was plain error for the District Court to not *sua sponte* transfer the District Court case to the Circuit Court upon

2

Gordon's demand for a jury trial. Gordon argues that his assertion of a retaliatory eviction defense entitled him to a jury trial on the issue of possession.

> HRS § 604-5(b) (2016) provides in relevant part:
>
> The district courts shall try and determine all actions without a jury, subject to appeal according to law. Whenever a civil matter is triable of right by a jury and trial by jury is demanded in the manner and within the time provided by the rules of court, the case shall be transferred to the circuit court.
>
> Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 38(b)

provides, in relevant part: "Any party may demand a trial by jury of any issue triable of right by a jury[.]" However, the right to a jury trial does not extend to all civil matters, specifically suits of an equitable nature. Porter v. Hu, 116 Hawaiʻi 42, 57, 169 P.3d 994, 1009 (App. 2007) (citing Harada v. Burns, 50 Haw. 528, 532-33, 445 P.2d 376, 380 (1968)).

There is no right to a jury trial in a summary possession action. HRS § 604-5(a) provides, in pertinent part: "[T]he district courts shall have jurisdiction in . . . civil actions involving summary possession or ejectment[.]" The Hawaiʻi Supreme Court has also stated, "we had made it clear in Lum v. Sun, 70 Haw. 288, 769 P.2d 1091 (1989), that actions for summary possession are triable in the district court without a jury[.]" K.H. Props. v. Mitchell, 72 Haw. 373, 374, 818 P.2d 1177, 1178 (1991); accord Kimball v. Lincoln, 72 Haw. 117, 125, 809 P.2d 1130, 1134 (1991) ("Appellant had no right to a jury trial of a summary possession action."). The assertion of retaliatory eviction as an affirmative defense does not remove the claim for summary possession from the District Court's jurisdiction and entitle a litigant to a jury trial on the issue

of possession.  See HRS § 604-5(a) (providing that in civil actions involving summary possession or ejectment, "the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought").[3]

Gordon's first two points of error are without merit.

(3)  Gordon argues that the District Court erred when it found the evidence adduced at trial to be inapplicable to a retaliatory eviction defense.  However, Gordon provided no trial transcripts or other support in the record for his assertion of error.  In the absence of an adequate record on appeal, we are unable to review an appellant's asserted errors and therefore leave the trial court's determinations undisturbed. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 231, 909 P.2d 553, 559 (1995) (cleaned up); accord Lepere v. United Pub. Workers, Local 646, 77 Hawaiʻi 471, 474, 887 P.2d 1029, 1032 (1995) (holding *pro se* appellant had a duty to include relevant transcripts as part of record on appeal); Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 10(b)(1)(A) ("When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file . . . a request or requests to prepare a

---

[3]      It appears that, after the District Court's bench trial on the summary possession issues and the entry of the Judgment and Writ, on January 23, 2023, the District Court entered an order approving and so ordering Gordon's demand for a jury trial on all issues triable as of right by a jury.  On February 10, 2023, the District Court committed the case to the Circuit Court.  Thereafter, on May 8, 2023, in 5CCV-23-0000011, the Circuit Court entered an Order Remanding to District Court because after notice was given that payment was required and due to effect transfer, the payment was not made.

reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.").

(4)  Gordon argues that the First Amended Complaint filed on November 7, 2022 (**Amended Complaint**) was unauthorized because it alleged unpaid rent, and the proposed Amended Complaint attached to [Rees's] Motion to Amend Complaint (**Motion to Amend Complaint**) filed on October 20, 2022, did not include this unpaid rent allegation.  Gordon further argues that the District Court erred when it reversed itself by first denying the Motion to Amend Complaint and then, without notice, entering an order granting the Motion to Amend Complaint.

The proposed Amended Complaint attached to Rees's Motion to Amend Complaint did not allege that Gordon broke the rental agreement because of unpaid rent.  However, it stated, "Rent itemized as follows:  Compliance with Act 57 is pending. Plaintiff will seek leave to amend."  On appeal, Rees submits that at the hearing on the Motion to Amend Complaint, he sought leave to add allegations pertaining to unpaid rent, to which Gordon did not object.  With regard to the initial denial and then granting of the Motion to Amend Complaint, Rees argues that the initial denial was because the proposed Amended Complaint contained a typo, not because the District Court had any objection to the substantive contents of the proposed order.

As noted above, Gordon did not include any transcripts from these proceedings.  There is an insufficient record upon which to conclude there was error in conjunction with the District Court's denial and then granting of the Motion to Amend

Complaint.  See Bettencourt, 80 Hawaiʻi at 231, 909 P.2d at 559.[4]

(5)  Gordon argues that the Amended Complaint was void because HRS § 521-68(b) (Supp. 2021) prohibited the filing of a complaint alleging failure to pay rent sooner than thirty days following his receipt of the fifteen-day notice.

In 2021, the legislature enacted Act 57 to reduce the large number of summary possession cases that were expected to follow the expiration of the eviction moratorium issued by the governor in response to the COVID-19 pandemic.  2021 Haw. Sess. Law Act 57, § 1 (June 16, 2021).  Act 57 amended HRS § 521-68 to require landlords to engage in mediation and delay filing an action for summary possession due to failure to pay rent.  Id. Upon the one year anniversary of the expiration date of the final eviction moratorium, the Act 57 provisions would expire, and HRS § 521-68 would be reenacted in the form in which it read on the day prior to the effective date of Act 57.  Id. § 7.  The last eviction moratorium expired on August 6, 2021, and therefore, Act 57 expired on August 6, 2022.  See Twenty-First Proclamation Related to the COVID-19 Emergency, 2021 HI EO P21-05 (June 7, 2021).

Accordingly, from June 16, 2021, to August 6, 2022, HRS § 521-68 required in relevant part, "If a tenant schedules mediation within the fifteen-calendar day period, regardless of whether the scheduled mediation session occurs within the

---

[4]     Gordon also argues that his due process rights were violated by the District Court rushing the January 13, 2023 trial.  However, with no trial transcripts, we have an insufficient basis to conclude that this argument has any merit.  Gordon also makes various other arguments concerning the filing of the Amended Complaint, without any reference whatsoever to the record on appeal.  These arguments will be disregarded in accordance with HRAP Rule 28(b)(4).

fifteen-day period, the landlord shall only file a summary proceeding for possession after the expiration of thirty calendar days from the date of receipt of the notice."

However, after August 6, 2022, this requirement was removed from HRS § 521-68, which now provides:

> **§ 521-68 Landlord's remedies for failure by tenant to pay rent.** (a) <u>A landlord or the landlord's agent may, any time after rent is due, demand payment thereof and notify the tenant in writing that unless payment is made within a time mentioned in the notice, not less than five business days after receipt thereof, the rental agreement will be terminated.</u> If the tenant cannot be served with notice as required, notice may be given the tenant by posting the same in a conspicuous place on the dwelling unit. If the tenant remains in default, the landlord may thereafter bring a summary proceeding for possession of the dwelling unit or any other proper proceeding, action, or suit for possession.
>
> (b) A landlord or the landlord's agent may bring an action for rent alone at any time after the landlord has demanded payment of past due rent and notified the tenant of the landlord's intention to bring such an action.

(Emphasis added).

Therefore, as of August 6, 2022, a landlord could bring a summary possession action for a tenant's failure to pay rent at any time five days after the tenant's receipt of notice. <u>See</u> <u>id.</u>

Here, the record indicates, and Gordon does not dispute, that Gordon received written notice of his failure to pay rent on October 24, 2022. The Amended Complaint was filed fourteen days later on November 7, 2022, and sought back rent for the months of September, October, and November of 2022. The Act 57 requirement that a landlord must wait until thirty days after the tenant's receipt of the fifteen-day notice to file a summary possession proceeding had already expired. <u>See</u> Act 57, § 7. Rees therefore could seek summary possession for failure to pay rent five days after Gordon's receipt of notice. <u>See</u> HRS § 521-68. Accordingly, the request for relief due to back rent was not prohibited under HRS § 521-68.

7

(6)  Gordon argues that there is no basis in HRS chapter 521 for a landlord to bring a summary proceeding to evict a tenant based upon a threat to kill the landlord.  This argument lacks merit.

HRS § 521-69 (2018) provides for the landlord's remedies for a tenant's waste, failure to maintain, or unlawful use and states in relevant part:

> **§ 521-69  Landlord's remedies for tenant's waste, failure to maintain, or unlawful use.**  (a) <u>If the tenant is in material noncompliance with section 521-51, the landlord,</u> upon learning of any such noncompliance and after notifying the tenant in writing of the noncompliance and allowing a specified time not less than ten days after receipt of the notice, for the tenant to remedy the noncompliance:
>
> > (1) <u>May terminate the rental agreement and bring a summary proceeding for possession of the dwelling unit</u> or any other proper proceeding, action, or suit for possession if the tenant is in material noncompliance with section 521-51(1)[.]
>
> . . . .
>
> > <u>No allowance of time to remedy noncompliance shall be required when noncompliance by the tenant causes or threatens to cause irremediable damage to any person or property</u>[.]

(Emphasis added).

HRS § 521-51(8) (2018) provides, "<u>Each tenant shall at all times during the tenancy . . . [c]omply with all obligations, restrictions, rules, and the like which</u> are in accordance with section 521-52 and which the landlord can demonstrate <u>are reasonably necessary for the preservation of the property and protection of the persons of the landlord</u>, other tenants, or any other person."[5]  (Emphasis added).  HRS § 521-69 states that a

---

[5]      HRS § 521-52 (2018) provides for the notice requirements and certain other conditions for a landlord's obligations or restrictions relating to a tenant's use, occupancy, and maintenance of the dwelling unit.  HRS § 521-52 provides in relevant part:

> **§ 521-52  Tenant to use properly.**  (a) The tenant shall comply with all obligations or restrictions, whether denominated by the landlord as rules, or otherwise,

(continued...)

landlord may terminate a rental agreement due to a tenant's noncompliance with HRS § 521-51 that threatens to cause irremediable damage to any person. HRS § 521-51(8) provides that a tenant must comply with obligations which are reasonably necessary for the protection of the landlord's person. Accordingly, we conclude that HRS §§ 521-69 and 521-51(8) provide that harm or the threat of harm to the landlord's person is a sufficient basis for the termination of a rental agreement.

Gordon also argues that the District Court erred in finding that he threatened to kill Rees because (1) the alleged threat to kill was said to a third party in a telephone conversation in the privacy of Gordon's own home, (2) that Gordon

---

[5](...continued)
concerning the tenant's use, occupancy, and maintenance of the tenant's dwelling unit, appurtenances thereto, and the premises of which the dwelling unit is a part, if:

(1) Such obligations or restrictions are brought to the attention of the tenant at the time of the tenant's entry into the rental agreement; or

(2) Such obligations or restrictions, if not so known by the tenant at the time of the tenant's entry into the rental agreement, are brought to the attention of the tenant and, if they work a substantial modification of the tenant's bargain under the rental agreement, are consented to in writing by the tenant.

(b) No such obligation or restriction shall be enforceable against the tenant unless:

(1) It is for the purpose of promoting the convenience, safety, or welfare of the tenants of the property, or for the preservation of the landlord's property from abusive use, or for the fair distribution of services and facilities held out for the tenants generally;

(2) It is reasonably related to the purpose for which it is established;

(3) It applies to all tenants of the property in a fair manner; and

(4) It is sufficiently explicit in its prohibition, direction, or limitation of the tenant's conduct to fairly inform the tenant of what the tenant must or must not do to comply.

had no idea Rees was eavesdropping on him, and (3) that Gordon's statement was clearly meant figuratively, not literally. Although the audio recording is in the record on appeal, Gordon has not provided the January 13, 2023 trial transcript, and the record on appeal lacks the testimony regarding the audio recording and/or the District Court's other grounds for finding that Gordon threatened to kill Rees. We therefore conclude that this argument is unreviewable. See Bettencourt, 80 Hawaiʻi at 231, 909 P.2d at 559.

(7) Gordon argues that the District Court erred in evicting him based on the termination of a month-to-month tenancy because it was not pled in the initial Complaint and/or the Amended Complaint. However, termination of a month-to-month tenancy was pled in both the Complaint and Amended Complaint. Both Complaints were premised upon the provision of written notice of "45-day termination of month-to-month tenancy."

Gordon further argues that the lease was not for a month-to-month tenancy because it was a six-month renewable term lease. However, the Rental Agreement provides that it was a fixed rental agreement that would automatically convert to a month-to-month rental agreement, unless the tenant or landlord received written notice to the contrary from the other party prior to the end of the fixed term on June 30, 2020. There is no evidence in the record that the fixed rental agreement was not automatically converted to a month-to-month term.

(8) Gordon argues that it was plain error for the District Court to admit the audio recording over Gordon's objection because it was an illegal recording in violation of HRS

10

§ 711-1111(e). We have no transcript or written order and no record upon which to conclude that the District Court erred in admitting the audio recording.[6]

(9) Gordon argues that the District Court erred in not accepting his attempt to tender payment of rent at the conclusion of the January 13, 2023 trial. Because Gordon has not provided the transcripts for the January 13, 2023 trial proceedings, and there is nothing else in the record to support this argument, there is no basis to for this court to conclude that the District Court erred in this regard.

(10) Gordon argues that the District Court made his Stay Motion moot by setting the return date of the Stay Motion after the effective date of the Writ.

District Court Rules of Civil Procedure Rule 6(d) provides, "[a] written motion, other than one which may be heard *ex parte*, and notice of the hearing thereof, shall be served not later than 14 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on *ex parte* application." Gordon filed the Stay Motion on January 16, 2023. The motion was set for hearing twenty-one days later, on February 6, 2023. The effective date of the Writ was January 20, 2023. There is no indication in the record that Gordon filed an *ex parte* application fixing a different time period for the

---

[6] We note, however, as a general rule, evidence obtained in an unlawful manner will not be excluded from civil proceedings. 29 Am. Jur. 2d Evidence § 588 (2025).

hearing on the Stay Motion; nor is there any indication in the record that Gordon objected to the hearing schedule.

We conclude this argument is without merit.

(11) Gordon argues that the District Court ignored his Rule 11 Motion against Rees's counsel and otherwise mishandled his trial. However, the minutes to the January 13, 2023 trial indicate that the District Court did in fact address Gordon's Rule 11 Motion, allowed Gordon to make further arguments on the motion, which he declined to do so, and orally denied the Rule 11 motion. There is no basis in the record to conclude the District Court mishandled the trial.

For these reasons, the District Court's January 20, 2023 Judgment and Writ are affirmed.

DATED: Honolulu, Hawaiʻi, August 19, 2025.

On the briefs:

Jeffrey Gordon,
Defendant-Appellant, pro se.

Matthew Mannisto,
(Law Office of Matthew
Mannisto),
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge